In re Joseph Lewis GARRISON, Patricia Inez Garrison, Debtors.

Bankruptcy No. 81–40437.

United States Bankruptcy Court, D. Kansas.

Sept. 15, 1981.

Danton C. Hejtmanek, Jones, Schroer, Rice, Bryan & Lykins, Topeka, Kan., for debtors.

Wilburn Dillon, Jr., Tilton, Dillon, Beck & Crockett, Topeka, Kan., for Morris Plan Co.

Lloyd C. Swartz, Topeka, Kan., Trustee.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

In this chapter 13 proceeding the creditor, Morris Plan Company, has objected to the debtors' proposed plan. Two automobiles in which Morris Plan Company has a secured interest were valued at $4,502.93 in the debtors' previous chapter 13 case. The previous case was dismissed after the debtors were not allowed to modify the value of the collateral subsequent to confirmation of the plan. Twenty days after dismissal the debtors filed another chapter 13 case seeking to value the same collateral at $20.

The debtors assert that since this is a separate and new case the collateral should be revalued. The creditor asserts the issue

**680**

of value has been determined in a prior case and thus the doctrine of *res judicata* precludes revaluation. The creditor also asserts the instant plan is not proposed in good faith, and thus is not confirmable under 11 U.S.C. § 1325(a)(3).

Both parties have submitted legal memoranda and the matter is ready for resolution.

### FINDINGS OF FACT

This chapter 13 proceeding was commenced on June 15, 1981. Morris Plan Company is a secured creditor with a security interest in two automobiles and has filed a proof of claim rejecting the proposed plan. The debtors were previously in a chapter 13 bankruptcy, case no. 79–40720 from October 15, 1979 to May 26, 1981. In the previous case, Morris Plan filed a proof of claim as a secured creditor. This plan was confirmed on November 27, 1979 and the value of the security of Morris Plan Company was fixed at $4,502.93.

The debtors made only nominal payments and an order was entered on November 10, 1980 allowing debtors to suspend payments entirely for a period of sixty (60) days. Then on March 30, 1981 the debtors filed a petition to amend their plan, proposing to reclassify Morris Plan Company as an unsecured creditor and proposing to pay Morris Plan 1% of their total debt. Morris Plan objected to the attempted reclassification. On May 26, 1981, at a hearing, the Court advised the debtors that under § 1329, it did not believe such a modification could be allowed simply because the collateral had worn out. The Court, however, gave the debtors' attorney 10 days to file a legal memorandum in support of the proposed modification. No memorandum was filed, and the case was dismissed because the debtors were in default by nonpayment under the plan. The debtors then filed the instant chapter 13 case on June 15, 1981 attempting to classify Morris Plan Company as secured to the extent of $20.00 and unsecured for the balance of the value of $4,502.93. The debtors further propose to return the two automobiles to Morris Plan

Company which are admitted to have only junk value at this point.

### CONCLUSIONS OF LAW

■ A chapter 13 plan must have been proposed in good faith, before it can be confirmed. 11 U.S.C. § 1325(a)(3). The Code does not define "good faith," nor is it discussed in the legislative history accompanying the Code. Section 656 of the Bankruptcy Act of 1898 contains a similar requirement; however, no reported cases construe the requirement of "good faith" under section 656. Epstein, Chapter 13: Its Operation, Its Statutory Requirements as to Payment to and Classification of Unsecured Claims, and Its Advantages, 20 Washburn L.J. 1, 10 (1980).

In *In Re Leal*, 7 B.R. 245 (Bkrtcy.D.Colo. 1980), the court concluded

*that the words 'good faith' were ... meant to be interpreted according to their plain meaning: that is to require that the plan be proposed by an individual earnestly seeking relief from debts which were incurred with full intent to repay them, but which have become overwhelming. 7 B.R. at 246.*

The court went on to say:

*(W)hen a chapter 13 plan appears to carry the taint of questionable motives, it is incumbent upon the Bankruptcy Court to examine the attendant circumstances, and to withhold confirmation if there are unmistakable manifestations of bad faith, whether those manifestations are overt or implied.*

*The standard for 'good faith' adopted here is not based upon a finding of factual fraud, which would require proof of malice, scienter, or intent to defraud. It simply requires courts to preserve the integrity of the Bankruptcy law by refusing to allow its use as part of a 'sinister and unworthy' scheme. id. at 247.*

■ Certainly, one of the "attendant circumstances" indicative of bad faith is the debtor's past bankruptcy history.

*Arguably, a bankruptcy court could consider the debtor's bankruptcy history in*

*deciding whether to ... confirm a plan under 1323(a)(3). Epstein, supra, at 9, n.46.*

■ The attendant circumstances and bankruptcy history of the debtors are not complex. In a previous chapter 13 proceeding (case no. 79–40720) the value of the security of Morris Plan Company (creditor) was fixed at $4,502.93. Only nominal payments were made by the debtors under the plan. On March 20, 1980 the debtors filed a petition to amend their plan attempting to reclassify Morris Plan as an unsecured creditor and pay them only 1% of their total debt. Morris Plan objected to the reclassification. A hearing was held on May 26, 1981 and the Court advised the debtors that § 1329 did not permit modification of their plan simply because their collateral had worn out. The debtors' counsel, however, was given 10 days to file a legal memorandum in support of the position that § 1329 permitted such a modification. No memorandum was ever filed, the case was dismissed, and 20 days later on June 15, 1981 the debtors filed a new chapter 13 petition attempting to classify Morris Plan as secured to the extent of $20, and unsecured for the balance.

Clearly under these facts, the debtors are seeking to do indirectly in the pending case what the Court advised them they could not do in the previous case.

■ The plan is not proposed in good faith. It would not preserve the integrity of the Bankruptcy Code to allow a chapter 13 debtor to use any goods until worn out and then dismiss the case, file a new chapter 13 petition and revalue the goods downward to avoid almost entirely the payment for the value of the goods as fixed in the first chapter 13 case. The Court therefore finds, under these circumstances, the instant plan is not proposed in good faith, and confirmation is denied.

The parties have briefed the issue of *res judicata*, but the Court does not reach that issue, as the finding of lack of good faith is determinative of this case.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 752 and Rule 52(a) of the Federal Rules of Civil Procedure.