**In re Josephine Lorraine THORNTON Debtor.**

**Bankruptcy No. 7–80–01287.**

United States Bankruptcy Court, W. D. Virginia, Roanoke Division.

April 14, 1982.

Wiley M. Craft, Roanoke, Va., for the debtor.

Melba C. Pirkey, Roanoke, Va., trustee.

## MEMORANDUM AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court is whether to allow a Chapter 13 debtor a discharge pursuant to § 1328(b) of the Bankruptcy Reform Act of 1978 (the Code), 11 U.S.C. § 1328(b), and whether to include in that discharge certain post-petition debts.

On November 14, 1980, the debtor filed a petition for relief under the provisions of Chapter 13 of the Code. The debtor subsequently filed a wage earner's plan, which plan was confirmed by this Court on December 10, 1980. The debtor complied with the plan, with some difficulty, for approximately one year. In February, 1982, the debtor applied to the Court to amend her schedules to add certain post-petition creditors. The debtor's application was granted, and the creditors, providers of medical services, were added to the debtor's plan as unsecured creditors. The debtor subsequently applied for a "hardship" discharge pursuant to § 1328(b) of the Code.

In general, a Chapter 13 debtor is entitled to a discharge of all debts "provided for by the plan" at the completion of the confirmed Chapter 13 payment plan. 11 U.S.C. § 1328(a). When a debtor is unable, because of circumstances for which the

debtor should not be held accountable, to complete the prescribed payments under the wage earner's plan, however, then that debtor may be eligible for a § 1328(b) hardship discharge. A Chapter 13 hardship discharge is more limited than the discharge granted debtors who complete payments under their wage earners' plans. In order to qualify for a hardship discharge, a Chapter 13 debtor must have made sufficient payments under the plan to at least equal what creditors would have received had the debtor been in a Chapter 7 liquidation proceeding. 11 U.S.C. § 1328(b)(2).

■ There are only two exceptions to a discharge in a completed Chapter 13 plan, long term debts and alimony, maintenance, or support obligations. A hardship discharge, however, does not discharge any debt that would be nondischargeable in Chapter 7. 11 U.S.C. § 1328(c). In essence, a Chapter 1328(b) hardship discharge is coextensive with the discharge issued in a Chapter 7 liquidation. *See In re Smith*, 8 B.R. 543, 546 (Bkrtcy.D.Utah 1981).

There is one further exception to discharge in Chapter 13. In either a subsection (a) or subsection (b) discharge, allowed post-petition claims may be excepted from discharge if prior approval of the trustee was practicable but was not obtained. 11 U.S.C. § 1328(d). Allowable post-petition claims include consumer debts, arising after the date of the petition, for services that are necessary for the debtor's performance under the plan.

■ Section 1305(c) of the Code provides that a claim for an otherwise allowable post-petition consumer debt shall be disallowed if the holder of the claim knew or should have known that the trustee's approval of the obligation was practicable and was not obtained. *See* 11 U.S.C. § 1305(c). In essence, the holder of a post-petition claim who has notice or actual knowledge of a prospective debtor's petition in bankruptcy should be aware that the debtor is limited in his or her ability to incur debt. If prior approval by the trustee is practicable, then § 1305(c) seems to place the burden of obtaining that approval on the claimant. Certainly, the consequence of failing to get

necessary approval inures to the detriment of the claimant. If the claimant extends credit without the required approval, then that claim will be disallowed as a post-petition claim.

■ The Code places an equal burden on the debtor. Presumably, the debtor knows that he or she is prohibited from incurring post-petition debt without approval of the trustee. A claim allowed under § 1305(a)(2) as a post-petition consumer debt can be held nondischargeable under § 1328(d), if prior approval by the trustee was practicable and was not obtained. *See* 11 U.S.C. § 1328(d). In other words, if failure to get the trustee's prior approval is not fatal to *allowance* of the claim, then the debtor's failure to get prior approval to incur the debt may bar *discharge* of the debt.

The effect of these two sections read together is to protect the innocent post-petition claimant. If the claimant had no knowledge of the requirement for approval, or if that approval was not practicable, then the claimant is not penalized by having the claim disallowed. Further, if a debtor incurs debt at the expense of an innocent claimant without prior approval by the trustee, that debt will be nondischargeable, and the debtor will remain liable to repay the obligation in full. An allowed claim may be discharged under § 1328(d), however, if prior approval of the debt was not practicable.

■ In the present case, claims of providers of medical services were allowed as post-petition claims under § 1305(a)(2). The legislative history of § 1305(a)(2) enumerates medical expenses as just the sort of necessary expense for which the section was enacted. *See* H.R.Rep.No.595, 95th Cong., 1st Sess. 427–28 (1977) *reprinted in* [1978] U.S.Code Cong. & Admin.News 5787, 5963, 6383. In general, medical treatment is immediately necessary, and prior approval for incurring debt by accepting treatment is not practicable. In this case, regardless of the providers' prior knowledge of the bankruptcy, the claims were allowed as claims for necessary services for which prior approval was not practicable.

If prior approval was not practicable, and thus not necessary, for allowability of the claim, then that approval was not practicable for purposes of dischargeability. Under § 1328, a discharge in Chapter 13 discharges any debt "provided for by the plan." When a post-petition claim is allowed pursuant to § 1305(a)(2), then that claim is one "provided for by the plan". *See* 11 U.S.C. § 1322(b)(6). Barring any extenuating circumstance that might require that the claim be held nondischargeable, then a post-petition claim is discharged to the same extent as an allowed pre-petition claim.

It is, therefore, hereby

## ORDERED

that the debtor in this case be granted a "hardship" discharge pursuant to § 1328(b), and that such discharge include discharge of the allowed post-petition debts incurred for medical services.