**In re Joan Carol Ferguson PRITCHETT, Debtor.**

**Bankruptcy No. 682–00534–D.**

United States Bankruptcy Court, W.D. Virginia, Danville Division.

Nov. 27, 1985.

**558**

Lewis E. Goodman, Jr., Danville, Va., for debtor.

Stephen G. Bass, Danville, Va., trustee.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Bankruptcy Judge.

This matter is before the court to determine if certain postpetition debts incurred by Joan Carol Ferguson Pritchett ("debtor") are dischargeable pursuant to 11 U.S.C. § 1328(a).

The court finds this is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

### I. FACTUAL BACKGROUND

The debtor, Joan Carol Ferguson Pritchett, filed a petition under Chapter 13 of the Bankruptcy Code on June 30, 1982. On August 11, 1982 the court confirmed debtor's chapter 13 plan. Subsequently, on August 8, 1985, after debtor had completed all payments under her plan, the court entered an order scheduling a hearing for debtor's discharge on September 11, 1985.

On August 23, 1985, approximately three weeks prior to the scheduled date of debtor's discharge hearing, debtor filed an application to amend her chapter 13 schedule of creditors to include as unsecured creditors five postpetition creditors who had provided debtor with various medical services during the pendency of her chapter 13 case. Debtor seeks to add Piedmont Prime Care, University of Virginia Hospital, University of Virginia Health Services Foundation, Danville Radiologists, Inc., and Moon, Wallenborn, Sydnor and Eastham, Ltd. ("Moon") to her schedule of creditors in order to have her debts to these creditors discharged.

On September 18, 1985, over a month after debtor completed all of her plan payments, Moon filed a proof of claim against debtor in the amount of $160.00. Of the five postpetition creditors here, Moon is the only one to have filed a proof of claim.

At the debtor's continued discharge hearing on October 2, 1985, the chapter 13 trustee apprised the court that debtor, although she had completed her chapter 13 plan, was seeking to amend her schedule of creditors in order to discharge the debts owed to the five postpetition creditors here. The court continued debtor's discharge pending a determination of whether the claims of the five postpetition creditors are dischargeable pursuant to 11 U.S.C. § 1328(a).

### II. DISCUSSION

Although amendments to schedules are allowed as a matter of course, *see* Bankruptcy Rule 1009, newly added debts are not discharged as a matter of right. Section 1328 of the Bankruptcy Code outlines the scope of a discharge granted in chapter 13 cases. Section 1328(a) reads in pertinent part: "As soon as practicable after completion by the debtor of all payments under the plan ... the court shall provide the debtor a discharge of all debts *provided for by the plan....*" 11 U.S.C. § 1328(a). (Emphasis added). Under § 1322(b)(6), a chapter 13 plan "may provide for payment of all or any part of any [postpetition] claim allowed under § 1305...." 11 U.S.C. § 1322(b)(6).

Thus, the discharge of a postpetition debt depends on, first, whether the claim for the postpetition debt is one that is allowed under § 1305, and, second, if the claim is allowed, on whether the chapter 13 plan "provides for" the claim.

A review of the record in this case discloses that none of the five postpetition debts in question here satisfies the criteria for discharge of postpetition debts under 11 U.S.C. §§ 1305, 1322(b)(6) and 1328(a): None of the postpetition claims here is an allowed claim that has been "provided for" by debtor's chapter 13 plan.

## A. ALLOWANCE OF POSTPETITION CLAIMS

Postpetition claims allowed under § 1305 are the only types of postpetition claims that may be provided for by a chapter 13 plan. 11 U.S.C. § 1322(b)(6). For a post-petition claim to be allowed for purposes of § 1322(b)(6), the claim must satisfy two basic requirements under § 1305. First, under § 1305(a), the claim must be for ei-ther certain taxes that became payable while a debtor's case is pending, or it must be for a consumer debt arising during the debtor's case for property or services nec-essary for the debtor's performance under the plan. 11 U.S.C. § 1305(a). Second, under § 1305(b), the holder of such a claim must file a proof of his claim. *See* 11 U.S.C. §§ 1305(b) and 502(a).[1]

■ Only the holder of a § 1305 claim may file proof of the claim; a debtor may not file proof of a § 1305 claim on behalf of the holder of such a claim. *In re Hefner*, 32 B.R. 382 (Bankr.W.D.N.Y.1983); *see* 11 U.S.C. §§ 1305(b), 501(c) and 101(9).

There is no question that the five post-petition creditors in this case, as providers of medical services to debtor, satisfy the first requirement necessary for an allowed claim under § 1305. Medical expenses in-curred by a debtor during the pendency of the debtor's chapter 13 case are just the type of necessary expenses for which § 1305(a) permits a proof of claim to be filed. *In re Thornton*, 21 B.R. 462, 464 (Bankr.W.D.Va.1982); *see In re Nelson*, 27 B.R. 341, 344 (Bankr.M.D.Ga.1983). Conse-quently, each of the five postpetition credi-tors here is entitled to file a proof of claim pursuant to § 1305(a).

■ The record in this case reveals, how-ever, that four of the postpetition creditors here have not satisfied the second require-ment under § 1305 necessary for an al-lowed claim. Piedmont Prime Care, Uni-versity of Virginia Hospital, University of Virginia Health Services Foundation, and Danville Radiologists, Inc. have not filed a proof of claim against the debtor for the medical expenses she incurred during her chapter 13 case. The claims of these four postpetition creditors are therefore not al-lowed claims under § 1305 and thus may not be provided for by debtor's chapter 13 plan pursuant to § 1322(b)(6). Consequent-ly, these four claims are not subject to discharge under § 1328(a). *See In re Nel-son*, 27 B.R. at 345, *citing* 5 *Collier on Bankruptcy* ¶ 1305.01[2] at 1305–3 (15th ed. 1982) (If a postpetition creditor refrains from filing a proof of claim pursuant to § 1305, he waives his right to distribution under a chapter 13 plan, and may seek to recover against the debtor after the closing of the case).

However, the fifth postpetition creditor in this case, Moon, did file a proof of claim pursuant to § 1305. Thus, Moon is the only postpetition creditor here whose claim has satisfied both requirements necessary under § 1305 for an allowed claim. Conse-quently, Moon's claim is subject to dis-charge pursuant to § 1328(a) if it has been "provided for" by debtor's chapter 13 plan.

## B. DISCHARGE OF DEBTS "PROVID-ED FOR" BY A CHAPTER 13 PLAN

■ As discussed above, a discharge un-der § 1328(a) covers all debts "provided for" by the chapter 13 plan. The term "provided for" is not defined in the Code or explained in its legislative history. How-ever, in interpreting the scope of a dis-charge under § 1328(a), courts have held that the phrase "provided for" simply re-quires that for a debt to become discharge-able "the plan must make a provision for it, i.e., deal with it, or refer to it." *In re Gregory*, 705 F.2d 1118, 1122 (9th Cir. 1983).

A review of the facts in this case reveals that debtor's chapter 13 plan fails to satis-fy this requirement with respect to the Moon debt. As stated above, on August 23, 1985, approximately two weeks after

---

**1.** Section 1305(b) prescribes that § 502 governs the allowance of § 1305(a) claims. Section 502(a) provides that a claim or interest, proof of which is filed, is deemed allowed unless a party in interest objects.

debtor completed her chapter 13 plan, debtor filed a notice of amendment to her schedule of creditors listing the five postpetition creditors whose claims she seeks to discharge. Subsequently, Moon filed its proof of claim for $160.00 on September 18, 1985, over a month after debtor had completed all payments under her chapter 13 plan. It is obvious, therefore, that debtor's plan could not have "provided for", "referred to", or "dealt with" Moon's claim.

Additionally, it is important to note that debtor is now precluded from modifying her plan under § 1329 in order to make a provision for the Moon debt. Section 1329(a) permits a plan to be modified only before a debtor has completed all plan payments. 11 U.S.C. § 1329(a). As noted, debtor here has already completed her plan.

Debtor relies on *In re Thornton*, 21 B.R. 462 (Bankr.W.D.Va.1982), to support her contention that the five postpetition debts here should be discharged pursuant to 1328(a). The facts of the *Thornton* case reveal, however, that debtor's reliance is misplaced. In *Thornton*, the debtor added certain postpetition creditors, providers of medical services, to the debtor's chapter 13 plan. The addition of these postpetition creditors to the debtor's plan was made during the pendency of the plan. *Thornton*, 21 B.R. at 463. Consequently, the postpetition debts in *Thornton* were provided for by the debtor's plan and therefore subject to discharge under § 1328. However, as discussed above, debtor's plan here fails to meet this requirement.

### III. CONCLUSION

Based upon the foregoing, the court finds that the claims of Piedmont Prime Care, University of Virginia Hospital, University of Virginia Health Services Foundation, and Danville Radiologists, Inc. are not allowed claims under 11 U.S.C. § 1305. Additionally, the court concludes that the claim of Moon, Wallenborn, Sydnor and Eastham, Ltd., although an allowed claim under 11 U.S.C. § 1305, has not been "provided for" by debtor's chapter 13 plan.

Consequently, none of these postpetition claims are dischargeable pursuant to 11 U.S.C. §§ 1328(a) and 1322(b)(6).

The appropriate order shall be entered.