**In the Matter of John P. DUNN, Debtor.**

**Bankruptcy No. BK84–246.**

United States Bankruptcy Court, D. Nebraska.

Feb. 29, 1988.

Bert Blackwell, McCook, Neb., for debtor.

Kathleen Laughlin, Omaha, Neb., trustee.

### MEMORANDUM AND ORDER

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

### INTRODUCTION

This matter came before the Court for trial on December 1, 1987. Mr. Bert Blackwell appeared on behalf of the Debtor and no one appeared on behalf of Trustee, Kathleen A. Laughlin, who had previously set forth the grounds for her objection in her motion.

The Trustee of the bankruptcy estate of John P. Dunn filed an Objection to Discharge of Postconfirmation Claims. Because the Trustee lacks standing to argue the dischargeability of these particular debts, the objection is overruled. However, the overruling of this objection does not mean that these debts are discharged. Pursuant to 11 U.S.C. § 1328(a), the Court, as a matter of law, cannot discharge any debts not "provided for by the plan." In regard to the discharge of a debtor under § 1328, standing is not an issue because the Court is given the power to act.

### FACTS

The Debtor filed a petition under Chapter 13 of the Bankruptcy Code on February 9, 1984. On March 30, 1984, the Court confirmed the Debtor's Chapter 13 plan. The Debtor completed the plan by a return of funds from a creditor (FmHA) on September 18, 1987. The Trustee's office entered a code showing the case as closed on September 18, 1987. On September 28, 1987, the Debtor filed an amendment to the Schedule of Debts to include the following creditors: Credit Bureau of Ogallala; Do-

besh, Gilg Law Office; Larry's Radiator Sales & Service; Midwest Creditors; and Professional Collection Service. On October 3, 1987, the Trustee filed an Objection to the Discharge of Postconfirmation Claims alleging that the above-mentioned debts are nondischargeable due to the fact that they do not meet the criteria for discharge of postpetition debts pursuant to 11 U.S.C. §§ 1305, 1322(b)(6) and 1328(a). The Trustee relies on *In re Pritchett,* 55 B.R. 557 (Bankr.W.D.Va.1985) and *In re Hefner,* 32 B.R. 382 (Bankr.W.D.N.Y.1983) as authority to support her objection.

The Debtor resists the Trustee's objection. The Debtor alleges that (1) the Trustee lacks standing to argue the dischargeability of these debts; (2) the filing of a motion is not the proper procedure to use to argue the dischargeability of the debts; and (3) the debts are dischargeable.

## DISCUSSION

### A. *Standing to Sue*

■ Title 11 U.S.C. § 1302 lists the duties which must be performed by the Trustee in a Chapter 13 case. This section incorporates § 704(6). Section 704(6) indicates that the trustee must, if advisable, oppose the discharge of the debtor, and this is the section on which the Trustee bases her argument that she has the power to object to the discharge. However, as was determined in *Matter of Martin,* 64 B.R. 638 (Bankr.D.Del.1986), § 704(6) imposes on the trustee a duty to oppose the discharge of a debtor in general for the benefit of all creditors of the estate. The Court indicated that it would be an unwarranted burden upon the Trustee to impose a further requirement that the Trustee investigate each creditor's claims against the Debtor in order to determine whether each debt is nondischargeable. The Court held that the Trustee lacked standing to object to the discharge of a specific debt and dismissed the complaint.

There are other indications in the Bankruptcy Code and Rules that § 704(6) does not impose upon the Trustee the duty of opposing the dischargeability of specific debts. The legislative comments following § 704 state that if it is advisable, the trustee must oppose the discharge of the debtor, and that this is for the benefit of *general* unsecured creditors whom the trustee represents. In addition, Bankruptcy Rule of Practice and Procedure 4007(a) states that "A *debtor* or any *creditor* may file a complaint with the Court to obtain a determination of the dischargeability of *any* debt." (Emphasis added). The rule does not specifically give the Trustee the authority to make an objection to the dischargeability of a particular debt. Therefore, I hold that the Trustee lacks standing to object to the dischargeability of the postpetition claims in this case.

### B. *Discharge of the Debtor*

Secondly, however, the *Pritchett* case cited by the Trustee must not be overlooked. The facts in *Pritchett* are very similar to the facts in the present situation. The Debtor argues that *Pritchett* cannot be used because the Debtor in *Pritchett* asked the Trustee to determine the dischargeability of her debts, thus, the Court got around the standing issue. However, the case does not indicate that the Debtor asked the Trustee anything. The case simply suggests that the Trustee, at the Debtor's discharge hearing, apprised the Court that the Debtor had amended her schedules to include certain postpetition claims. With 11 U.S.C. § 1328(a) in mind, the Court held that it could not discharge any of these debts because they were not "provided for by the plan." *Pritchett, supra* at 558.

■ Likewise in the present case, this Court will discharge only those debts which have been provided for by the Debtor's Chapter 13 Plan. The *Pritchett* case indicates that under § 1305(b), a proof of claim must be filed by the creditor in order for a postpetition claim to be allowed. A claim must be allowed in order to be "provided for by the plan" under § 1322(b)(6), and, thus, discharged under § 1328(a). *Pritchett, supra* at 559. It appears that the holders of these postpetition claims have not filed Proofs of Claim. Therefore, these claims cannot be allowed, nor can they be provided for by the plan. Thus, these

debts are nondischargeable under § 1328(a).

█ The Debtor argues that § 1305 does not apply in this case because the debts which were added were not postpetition debts nor were they consumer debts. However, the debtor offered no proof on these matters. Additionally, regardless of whether § 1305 applies or not, under § 1328(a) the Court must consider whether the debts are "provided for" by the plan. The *Pritchett* case indicates that the phrase "provided for" requires that in order for a debt to become dischargeable, the plan must "make a provision for it," "deal with it," or "refer to it." *Id.* In the present situation, the schedules were amended to include the additional debts after the plan had been completed. Therefore, there is no way the plan could have "provided for," "referred to," or "dealt with" these additional debts.

The preprinted order discharging the debtor, which is routinely signed and entered by the bankruptcy judge at the close of any Chapter 13 case, fully incorporates today's decision. The order states that "... the debtor be and he hereby is discharged from all debts provided for by the plan...." Thus, in the future it is not necessary for the trustee to file a motion objecting to the discharge of postconfirmation claims on which no Proof of Claim has been filed by the holder of the claim, and, thus, not provided for by the plan.

## CONCLUSION

For the reasons stated in this memorandum opinion,

IT IS ORDERED that the Trustee's Objection to Discharge of Post confirmation Claims is overruled for lack of standing. However, as a matter of law, these debts are nondischargeable because they have not been provided for by the Debtor's Chapter 13 plan.