In re Ronald C. VAN HIERDEN and Darlene M. Van Hierden, Debtors.

Bankruptcy No. 85–01582.

United States Bankruptcy Court, E.D. Wisconsin.

July 8, 1988.

John L. DeStefanis, Milwaukee, Wis., for debtors.

Mark J. Brunner, Milwaukee, Wis., for creditor.

## DECISION

M. DEE McGARITY, Bankruptcy Judge.

The debtors in this Chapter 13 bankruptcy have moved for discharge because all payments to creditors who filed claims have been completed before the 38 month term of their confirmed plan. Transamerica Financial Services, a second mortgage holder on the debtors' former residence, objects.

## FACTS

The debtors' plan provided for 100% payment to all unsecured creditors. Regular monthly payments to secured creditors were to be made directly by the debtors and not through the Chapter 13 trustee. Arrearages to secured creditors were to be paid through the trustee. Transamerica filed a secured claim for the arrearages due it, $2,168, which was approved by the court and which was paid in full through the plan. No other claim was filed by Transamerica.

The holder of the first mortgage on the debtors' residence, Fox Valley Savings and Loan Association, obtained a foreclosure judgment on August 21, 1986. The residence was sold at a foreclosure sale on March 26, 1987. Fox Valley was fully satisfied, and Transamerica applied for and received the surplus that resulted from the sale. There remains a deficiency of $6,164.79, however, because the debtors ceased making direct payments in 1986 on account of the foreclosure. Transamerica's position is that debtors' direct payments must continue as provided for under the plan until the deficiency is satisfied. This is the basis for its objection to the debtors' discharge.

## DISCUSSION

Transamerica argues that it need not file a claim in a Chapter 13 bankruptcy in order to be paid, citing *In re Rush*, 1 C.B.C.2d, 904 (Bankr.S.D.Fla.1980). That court correctly found that a secured creditor does not forfeit its lien if it fails to file a claim. *See also* 1983 Advisory Committee Note to Bankruptcy Rule 3002, Norton Bankruptcy Law and Practice 1987 at p. 173. Transamerica filed a secured claim only for the arrearages on the debtors' second mortgage. The balance of its claim must be considered unfiled. This is because, under the Code, undersecured claims can be divided into a secured portion which represents the value of the security and an unsecured portion which is the balance of the debt. 11 U.S.C. § 506(a). The Rules no longer use the terms "secured creditor" and "unsecured creditor," but substitute the terms "secured claim" and "unsecured claim." 1983 Editors' Comment, Norton Bankruptcy Law and Practice 1987 at p. 175. It appears that Transamerica could have had both a secured claim and an unsecured claim. Although filing a proof of claim is permissive, it is a necessary condition to the allowance of an unsecured claim. *See In re Francis*, 15 B.R. 998, 1004 (Bankr.E.D.N.Y.1981); *see also* Collier on Bankruptcy, ¶ 501.01 at 501–2, 501–3 (15th Ed.1988).

The creditor retained its lien on the house for this unfiled portion of the debt and collected from the foreclosure. The portion of the debt that was not collected from the sale of the collateral is dischargeable:

> A lienor need not, in order to enforce his lien, file a claim in his debtor's bankruptcy proceeding, though if he does not he loses the chance of enforcing any deficiency judgment against the assets of the bankruptcy estate.

*Matter of Lindsey*, 823 F.2d 189, 190 (7th Cir.1987).

Transamerica is correct in its assertion that the debtor is bound by the provisions of the confirmed plan regardless of the subsequent sale or devaluation of the collateral. 11 U.S.C. § 1327(a). The creditor is also bound. *Id. See In re Winterfeldt*, 28 B.R. 486 (Bankr.E.D.Wis.1983);

*In re Abercrombie*, 39 B.R. 178, 179 (N.D. Ga.1984). This, however, does not relieve the creditor of its obligation to file a proof of claim if it wishes to recover from the bankruptcy estate. *See* Bankruptcy Rule 3002(a). Even though the debtor makes provision for a creditor in the plan, if the creditor has not filed a claim, it is not entitled to distribution under the plan, and the debtor is entitled to a discharge of that debt. *In re Brown*, 27 B.R. 771, 773 (Bankr.N.D.Ill.1983). Likewise, an undersecured creditor that does not file a claim can recover only from the collateral and not from the plan payments made to the Chapter 13 trustee. *In re de Jesus*, 17 B.R. 918 (Bankr.D.P.R.1982).

Transamerica also argues that the debtors cannot modify their plan to alter the secured status of the creditor, citing *In re Garrison*, 19 B.R. 679 (Bankr.D.Kan.1981). In *Garrison*, the debtors, after confirmation, attempted to reclassify a creditor as secured for less than the total since the secured property, a car, had depreciated in value since the inception of the case. When this was not allowed, they filed another Chapter 13 after their previous Chapter 13 was dismissed for non-payment and listed the secured value of the car as $20. The court rejected their plan as not proposed in good faith because the purpose of the second filing was to circumvent the binding effect of the order of confirmation in the first case.

The court in *In re Abercrombie, supra,* likewise found that the order of confirmation is *res judicata* as to all issues that were or could have been decided at the hearing on confirmation. In that case, the debtors attempted to reclassify a claim which was allowed as fully secured to a claim that was partially secured and partially unsecured. It was determined after confirmation that the value of the collateral was less than the amount of the claim. Under the plan, secured claims were to be paid 100%, and unsecured claims were to be paid at a lesser percentage. The modification was not permitted because the value of security and status of the claim is *res judicata* as of the effective date of the plan. *See also In re Kitchen*, 64 B.R. 452 (Bankr. D.Mont.1986).

The debtors in the instant case are not seeking to alter the amount or status of a secured claim; they are seeking a discharge. Transamerica seeks by this objection to increase the amount of its claim.

Transamerica could have filed a claim for the full amount owed and either it or the debtors could have requested a determination of the value of the security under 11 U.S.C. § 506(a). It chose to file a secured claim only for the arrearages, $2,168, and that claim was allowed and paid. 11 U.S.C. § 502(a). *See* Bankruptcy Rule 3002(a). Transamerica cannot modify its claim at this late date.

Finally, Transamerica argues that it would be inequitable not to allow it to collect 100% of the unsecured portion of its debt when other unsecured creditors have been paid 100%. On the contrary, it would be inequitable to allow Transamerica to collect from the estate for an unfiled claim. Other creditors with unsecured debts for which no proof of claim was filed have not collected from, and are not entitled to, distribution from property of the estate. All unfiled, unsecured claims are discharged.

An order granting the discharge under 11 U.S.C. § 1328(a) and dismissing Transamerica's objection will be entered accordingly.