**In re Marvin DeBERRY and Pamlico M. DeBerry, Debtors.**

**Bankruptcy No. B–89–11954C–13G.**

United States Bankruptcy Court,
M.D. North Carolina,
Greensboro Division.

March 28, 1995.

Anita Jo Kinlaw Troxler, Trustee, Greensboro, NC.

Donald L. Murphy, Greensboro, NC, for debtors.

## ORDER

WILLIAM L. STOCKS, Bankruptcy Judge.

This case came before the court on March 21, 1995, for hearing on the Trustee's motion requesting that the debtors be responsible for direct payment of the claim filed by the Internal Revenue Service on December 22, 1995, in the amount of $7,413.37, that the automatic stay be lifted so that the Internal Revenue Service may proceed with collection of the indebtedness claimed and that the indebtedness claimed by the Internal Revenue Service be excepted from any discharge granted to the debtors in this case. Appearing at the hearing were the Standing Trustee, Anita Jo Kinlaw Troxler; the debtors' attorney, Donald L. Murphy; and the male debtor, Marvin DeBerry. Having considered the Trustee's motion, the responses filed by the debtors, the official record in this case, and having heard the arguments of counsel, the court finds and concludes as follows:

## FINDINGS OF FACT

1. This Chapter 13 case was filed on August 22, 1989.

2. The debtors' plan was confirmed on December 7, 1989.

3. The plan did not provide for the payment of postpetition claims.

4. The date of the first payment under the debtors' plan was October 16, 1989.

5. The debtors' plan was a sixty-month plan and the last payment under the debtors' plan was due before the Internal Revenue Service (hereinafter referred to as the "IRS") filed its postpetition claim on December 22, 1994.

6. The debtors have completed all of the payments under their plan.

7. The IRS has not received any payments under the plan with respect to the indebtedness included in the claim which was filed on December 22, 1994.

8. The debtors have filed a response which could be read as objecting to the claim filed by the IRS on December 22, 1994, as well as the relief sought by the Trustee.

## CONCLUSIONS OF LAW

■ 9. The plan as confirmed in this case does not contain any provisions dealing with or providing any treatment for postpetition claims which might be allowed under Section 1305 of the Bankruptcy Code as permitted by Section 1322(b)(6). Since the plan does not deal with or make any provision for postpetition claims, including the postpetition claim filed by the IRS, the debtors' plan does not "provide for" the IRS claim within the meaning of Section 1328 which provides a discharge to the debtor with respect to claims provided for by the plan.

■ 10. Under certain circumstances a Chapter 13 plan may be modified after confirmation pursuant to Section 1329. However, under the circumstances of this case, the plan may not be modified under Section 1329. In the first instance, Section 1329 permits a post-confirmation modification "after confirmation of the plan *but before the completion of payments* under such plan...." (Emphasis supplied). In this case the payments under the plan have been completed which renders Section 1329 inapplicable in this case. An additional reason why Section 1329 may not be utilized to modify the plan to provide for the postpetition claim of the IRS appears in subsection (c) of Section 1329. Under this subsection a plan modified under Section 1329 may not provide for payments over a period that expires more than five years after the time the first payment was due under the original confirmed plan. Since the original plan provided for payments over a sixty-month period, the plan may not be modified under Section 1329 to provide for any additional payments. Accordingly, the court concludes that the plan cannot be modified in this case to provide for any payment to the postpetition claim of the IRS because

all payments under the plan have been made and because any such modification would require payments beyond the time permitted under Section 1329(c).

■ 11. Since the plan in this case does not provide for the postpetition IRS claim and cannot be modified to do so, the IRS claim will not be discharged by any discharge for the debtors in this Chapter 13 case. *In re Pritchett*, 55 B.R. 557 (Bankr.W.D.Va. 1985) (When a postpetition claim is filed after all plan payments have been made, the postpetition is not "provided for" under the plan and therefore is not discharged under Section 1328).

■ 12. Ordinarily, the bankruptcy court decides all disputes regarding the claims which are filed in a bankruptcy case. This is true because ordinarily the outcome of disputes regarding filed claims will affect the administration of the bankruptcy estate and the rights of creditors and other parties in interest since, as a general rule, allowed claims will be paid from the estate. However, the situation in the present case is different. The postpetition claim of the IRS is not a claim which will have any impact upon the bankruptcy estate in this case or upon the administration of this case whether or not it is allowed. The IRS has received no payments under the plan. Moreover, because all plan payments have been made and the plan cannot be modified to provide for the postpetition claim, the IRS will not receive any payments in the future in this case. Consequently, the rights of other creditors and the dividend that they receive will not be affected by the outcome of any dispute regarding the IRS claim. Further, the outcome of the dispute regarding the IRS claim will have no impact upon the dischargeability of the claim. Even if allowed, the claim would not be discharged because it is not provided for under the plan. In short, it would serve no bankruptcy purpose for this court to undertake to decide the dispute which the debtors seek to raise regarding a claim which is not provided for under their plan and which has no bankruptcy consequences, and the court will not do so. Moreover, the apparent dispute regarding the IRS postpetition claim involves only non-bankruptcy questions outside the expertise of this court. In that regard, the debtor and the IRS are embroiled in a controversy involving only questions of tax law such as the manner in which the alleged tax liability should be computed, the administrative procedures which should be utilized in assessing and collecting any taxes owed by the debtors, etc. These are issues better left to the tax court or other tribunal which deals with such questions on a regular basis.

■ 13. This leaves the question of whether the automatic stay should be modified so as to permit the IRS to pursue the claim for the postpetition taxes outside the bankruptcy court. On this point the court concludes that cause exists for the lifting of the automatic stay within the meaning of Section 362(d)(1) and that the stay therefore should be lifted to permit the IRS to pursue the collection of all postpetition taxes outside the bankruptcy court. It would be extremely unfair and prejudicial to the rights of the IRS to leave the stay in effect and further delay the collection of taxes which were incurred postpetition and for which the IRS can receive no payment in the bankruptcy case. Further, all plan payments have been made and therefore the rights of other creditors will not be prejudiced by the lifting of the stay and the initiation of collection efforts by the IRS.

14. The trustee's motion should be granted.

Now, therefore, it is ORDERED, ADJUDGED AND DECREED as follows:

1. The postpetition tax claim in the amount of $7,413.37 filed by the IRS on December 22, 1994 shall be resolved and satisfied outside the bankruptcy court through direct payment by the debtors or collection outside the bankruptcy court by the IRS;

2. The indebtedness of the debtors for the postpetition taxes claimed by the IRS shall be excepted from any discharge granted to the debtors in this case; and

3. The automatic stay is hereby lifted as to any and all actions by the IRS related to the liquidation, assessment and collection of

the postpetition taxes included in the proof of claim which was filed by the IRS on December 22, 1994.