**In re Joshua James CODY.**

**Gina Lynn Freeman Cody Plaintiff,**

**v.**

**Joshua James Cody Defendant.**

**Bankruptcy No. 99–40174.
Adversary No. 99–4085.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Dec. 13, 1999.

John R. Irwin, Russellville, AR, for Plaintiff or Petitioner.

Andrew L. Clark, Little Rock AR, for Defendant or Respondent.

MARY D. SCOTT, Bankruptcy Judge.

### ORDER

THIS CAUSE is before the Court upon the stipulation of the parties and submission of the matter at hearing. The complaint in this case was filed by the debtor's former spouse seeking a determination of nondischargeability under section 523(a)(15) and dismissal of the case on, it appears, bad faith grounds.

The stipulations reveal that the debtor was in a prior chapter 7 case but failed to provide any notice of that case to his former spouse, Gina Cody. Accordingly, the parties agree that pursuant to 11 U.S.C. §§ 727, 523(a)(3), the debts owed to Gina Cody were not discharged in the chapter 7 case. The parties agree that the debt is in the nature of property settlement and not support. Subsequent to the chapter 7 filing, Gina Cody obtained a judgment against the debtor and, apparently in an effort to halt collection action, the debtor filed this chapter 13 case on March 13, 1999, listing the debt owed to Gina Cody. Despite having notice of the chapter 13 case, Gina Cody has not filed a proof of claim. The time for filing a claim expired on July 13, 1999. The stipulations further provide that if the debtor completes his plan, the obligation to Gina Cody may be discharged pursuant to 11 U.S.C. § 1328(a)(2).

Although directed to do so, Gina Cody did not comply with this Court's pretrial

order requiring submissions of proposed findings of fact and conclusions of law. To discern Gina Cody's position, therefore, the Court has before it only the complaint, the allegations of which have evaporated by the filing of the stipulation.[1]

▮ The parties have stipulated, and those legal conclusions are correct, that, if the debtor completes his plan, the debt may be discharged. It does not matter that the debt was not discharged in a prior chapter 7 case. Completion of the plan and entry of discharge in the chapter 13 case will discharge all debts provided for in the plan, including the obligation to Gina Cody. *See generally In re Riley,* 204 B.R. 28 (Bankr.E.D.Ark.1996)(Scott, J.).

The only remaining argument the Court can discern that Gina Cody may be making is that the debt is not "provided for" in the Chapter 13 plan such that the debt will not be discharged. Under the Bankruptcy Code, if the plan "provided for" the debt in dispute, it is discharged. If however, the debt was not provided for, as required by 11 U.S.C. § 1328, it is not discharged.

The debtor proposed a chapter 13 plan with the filing of his petition which listed Gina Cody as an unsecured creditor. The plan, which provided generally for *pro rata* distribution to all unsecured creditors, was confirmed on September 1, 1999. Gina Cody did not timely file a proof of claim in this case and there is no assertion that she did not have notice of the case.[2]

The Bankruptcy Code provides in relevant part:

§ 1327. Effect of Confirmation.

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.* * *

§ 1328. Discharge.

(a) As soon as practicable after completion by the debtor of all payments under the plan...the court shall grant the debtor a discharge of all debts *provided for by the plan* or disallowed under section 502 of this title....

11 U.S.C. §§ 1327(a), 1328(a)(emphasis added). Although section 1327 states that a creditor is bound by the terms of the plan, that section does not govern whether the debt is discharged. For that determination, the Court looks to section 1328 which requires that the debt be "provided for" by the plan in order for that debt to be discharged.

▮ If a debt is not provided for in the plan, it is not discharged. 11 U.S.C. § 1328. A debt is provided for if the plan deals with it or refers to it. *In re Gregory,* 705 F.2d 118 (9th Cir.1983). Some courts indicate that if the schedules list the debt, the debt is provided for. *See, e.g., Crites v. State of Oregon,* 201 B.R. 277 (Bankr.D.Or.1996). Even an estimated amount, so long as it is scheduled, is deemed to be provided for. *See In re Ryan,* 78 B.R. 175 (Bankr.E.D.Tenn.1987). A plan which provides generally for payment of unsecured claims is considered to provide for such claims if the debts are listed in the schedules. *See In re Daniel,* 107 B.R. 798 (Bankr.N.D.Ga.1989). Payment of the claim, even a debt to a former spouse, is not required for the claim to be

---

1. The stipulations provide that there is no evidence of bad faith meriting dismissal of the case under 11 U.S.C. § 1307 and, moreover, imply that there was no bad faith in the debtor's failure to list Gina Cody as a creditor in the chapter 7 case. *See Stipulations* ¶ 3 ("He scheduled the debts...but did not list Plaintiff as a creditor, believing she was not a creditor at the time the Chapter 7 petition was filed."). The stipulations also provide

that section 523(a)(15) does not apply to the chapter 13 case.

2. Failure to file a proof of claim means that the trustee is prohibited from making any payments to Gina Cody, even though she has been listed as a creditor and the amount of debt is known. The inability of the trustee to make the payments does not affect dischargeability of the debt.

dischargeable. *In re Ungar,* 104 B.R. 517, 519 (Bankr.S.D.Ga.1989).

The term "provided for" in section 1328 encompasses the procedural due process requirements embodied in the Fifth Amendment to the U.S. Constitution. *Crites v. State of Oregon,* 201 B.R. 277 (Bankr.D.Or.1996). By requiring notice to creditors, the Code grants the opportunity to participate in the bankruptcy process and exercise procedural rights afforded by the Bankruptcy Code. *See id.* In the instant case, the confirmed plan provided for payment of the debt in dispute. Having provided for the debt, if the debtor fulfills his obligations under the Bankruptcy Code by completing the plan and obtaining discharge of those "provided for" debts, including the debt here in dispute, the debtor will be discharged of the debts, even those where payments cannot be made by the trustee because the creditor has failed to file a proof of claim. *See In re Border,* 116 B.R. 588 (Bankr.S.D.Ohio 1990); *In re Daniel,* 107 B.R. 798 (Bankr. N.D.Ga.1989); *see also In re Sorge,* 149 B.R. 197 (Bankr.W.D.Okla.1993). Accordingly, the debtor is entitled to judgment.

**ORDERED** that this adversary proceeding shall be dismissed by separate judgment in favor of the debtor.

**IT IS SO ORDERED.**

### *JUDGMENT*

This action came on before the Court, Honorable Mary Davies Scott, U.S. Bankruptcy Judge, presiding, and the issues having been duly tried and a decision having been duly rendered.

**It is Ordered and Adjudged** that the debt owed by the debtor Joshua James Cody to Gina Lynn Freeman Cody is dischargeable in this bankruptcy case pursuant to 11 U.S.C. § 1328, if discharge is ultimately granted.

**IT IS SO ORDERED.**