In re Richard D. LOWTHORP, and Anita A. Lowthorp, Debtors.

No. 9:03–BK–9117–ALP.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

May 26, 2005.

Edward R. Miller, Miller and Hollander, Naples, FL, for Debtors.

## ORDERS ON DEBTOR'S MOTION FOR SUMMARY JUDGMENT
### (Doc. No. 68)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this confirmed Chapter 13 case is a Motion for Summary Judgment (Doc. No. 68) filed by Richard Lowthorp and Anita Lowthorp (Debtors) in which they seek an Order finding the Government (IRS) in contempt for violating the discharge injunction granted by the Order of Confirmation of their Chapter 13 Plan (Plan). (Doc. No. 21). It is the contention of the Debtors that there are no genuine issues of material facts and, based on the same, they are entitled to a summary judgment granting the relief they are seeking.

In response to the Debtors' Motion, the IRS seeks an order discharging the Order to Show Cause (Doc. No. 64) issued by this Court on January 25, 2005.

It is the Debtors' contention the IRS received notice of commencement of the Debtors' Chapter 13 case, yet continued to send demand letters seeking payment of a debt that had been discharged by the Order granting the debtors' discharge (Doc. No. 40). Thus, any further action by the IRS to enforce the payment of the debt that had been discharged was a violation of the debtors' Section 524 discharge.

In opposition to the Debtors' Motion, the IRS contends that this debt was not discharged by Order because the Chapter 13 Plan did not provide for this particular claim of the IRS, although it did provide for a different IRS priority claim and, therefore, the discharge granted does not protect the Debtors from this particular tax obligation. Thus, the IRS contends that Debtors are not entitled to the relief they are seeking.

The facts relevant to the resolution of the issue raised, especially the issue raised by the IRS, as it appears from the record are without dispute and are as follows:

On May 5, 2003, the Debtors filed their Petition for Relief under Chapter 13. (Debtor's Ex. No. 1). On June 16, 2003, the Debtors amended their original schedules, listing the IRS as the holder of a priority claim in the amount of $1,100.00. (Debtor's Ex. No. 2). The amended schedules were served on the IRS. In due course the Debtors filed their Plan and on August 7, 2003, the Chapter 13 Trustee filed his praecipe to confirm the Plan (Doc. No. 11), which was also served on the IRS. On November 24, 2003, this Court scheduled the confirmation hearing and notice of same was served on the IRS. On February 6, 2004, this Court entered an Order Confirming the Debtors' Chapter 13 Plan and a copy of the Order was served on the IRS.

On February 12, 2004, this Court entered an Order allowing the priority claim of the IRS in the amount of $1,100.00. (Doc. No. 23). However, the Order did not deal with the claim of the IRS for trust fund penalties pursuant to 26 U.S.C. § 6672 because the IRS did not file a proof of claim that is based on that debt, although it is uncontested that both debts were incurred prepetition. On July 2, 2004, the Debtors filed and served a Motion to Impose Sanctions on the IRS (Doc. No. 32) for the IRS' withholding of the Debtors' tax refund claim, which the IRS was using to setoff the Debtors' other tax debt. Eventually, the IRS complied and paid the refund and the Motion for Sanctions was denied as moot on July 29, 2004.

It further appears from the record that on November 15, 2004, the IRS sent a demand for payment to the Debtors. On November 22, 2004, in response to this demand letter, counsel for the Debtors sent a letter demanding that the IRS cease and desist any attempt to collect these prepetition taxes. Notwithstanding this letter, the IRS again sent demand letters for payment to the Debtors on January 3, 2005, and January 10, 2005. The present Motion for Order to Show Cause was filed by the Debtors on January 6, 2005, and was served on the IRS when it was issued on January 25, 2005.

■ Based on the following, it is the Debtors' contention that the IRS repeatedly violated the discharge injunction, notwithstanding the fact it was noticed and was aware of the pendency of the Chapter 13 case. The fact of the matter is the IRS was actually involved as a litigant when it was cited for the violation of the discharge injunction in which they purged themselves and paid the improperly withheld tax refund. They were served with all documents relating to the confirmation process and, notwithstanding, they failed to file a proof of claim and therefore knowingly and willfully violated the discharge injunction by attempting to collect a prepetition debt of the Debtors. In support of this proposition, the Debtor cites *In re Dixon*, 218 B.R. 150 (10th Cir. BAP 1998); *In re Tepper*, 279 B.R. 859 (Bankr. M.D.Fla.2002); *In re Jones*, 134 B.R. 274 (N.D.Ill.1991); *U.S. v. Lee*, 184 B.R. 257 (W.D.Va.1995); *In re Thibodaux*, 201 B.R. 827 (Bankr.N.D.Ala.1996).

In opposing the Debtors' Motion and in support of its own Motion, the IRS contends that, while it is true that the Plan provided for the payment in full of the priority tax claim of the Government, it did not provide for either allowing or disallowing the trust fund tax penalty, therefore, relying on the language of Section 1328 of the Bankruptcy Code, this debt was not discharged by the discharge Order. Section 1328 provides that the court "shall grant the debtor a discharge of all debts provided for by the Plan or disallowed under section 502 ..." It is the contention of the IRS that the debtor is not entitled to a discharge of this debt because the Plan did not "provide for" this particular claim of the IRS. Although the IRS failed to cite any authority to support this proposition, it relies on the plain reading of Section 1328 and on the case of *Rake v. Wade*, 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993), a Supreme Court decision.

Before discussing the merits of the position taken by the IRS, one should point out at the outset that *Rake* did not deal with this problem at all. While there might have been some language in the decision referring to the phrase "provided for" by the Plan, it did not involve the interpretation of the term but merely held that the secured party is entitled to have interest on the arrearages which in fact gave the secured party, usually the mort-

gagee, a double payment since the missing monthly payments always include a payment applicable to the principal and the contract rate of interest.

It is well established that the provisions of Chapter 13 are remedial and this Chapter was designed by Congress to assist an honest debtor to repay, in whole or in part, its prepetition debts. *In the Matter of Smith,* 848 F.2d 813, 816–817 (7th Cir. 1988) *quoting,* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 118 (1977) reprinted in 1978 U.S.Code Cong. And Admin. News. 5963, 6079. Bankruptcy Code Section 502(b)(9) provides that a court need not allow a claim the proof of which is not timely filed. In this case, it is clear that the IRS had proper notice of the case and still failed to timely file a proof of its claim. Section 507(a)(8)(C) grants priority for any claims of a governmental unit for taxes that are to be collected or withheld.

The issue raised by the IRS in defense of the claim of the Debtors brings into play two seemingly conflicting provisions of the Bankruptcy Code: Section 1327 and Section 1328. Section 1327 deals with the effects of confirmation of a Chapter 13 Plan. This Section provides that the order of confirmation is binding on each creditor whether or not the claim is provided for by the Plan. Section 1328 deals with the effect of the discharge, and provides that the discharge granted in a Chapter 13 case discharges the debtor from all unsecured debts "provided for by the Plan."

■ It should be apparent from the foregoing that a Plan cannot and will not "provide for" a claim that was not timely filed for the simple reason that it cannot be allowed under Section 502, since only allowed claims can be provided for in the Plan. Though Section 502 does allow tardily filed claims in some instances, it is clear from the record that none of those exceptions apply here.

It is not surprising that the courts which considered this dilemma did not arrive at the same conclusion. In the case of *In re Cody,* 246 B.R. 597 (Bankr.E.D.Ark.1999) the claim of the debtor's ex-wife was scheduled, although in an estimated amount, but she failed to file a proof of claim. Consequently, the confirmed plan did not provide for the claim. The court held that the debtor's ex-wife was scheduled as an unsecured creditor, and further that, when the plan provides for payment of unsecured debt, the debt is "provided for" by the plan under the meaning of Section 1328 even though the creditor failed to file a claim and consequently received no distribution. *See Id.* at 600 *citing In re Border,* 116 B.R. 588 (Bankr. S.D.Ohio 1990); *In re Daniel,* 107 B.R. 798 (Bankr.N.D.Ga.1989).

The case of *In re Border,* 116 B.R. 588 (Bankr.S.D.Ohio 1990), dealt with facts similar to this case. In *Border,* the IRS had a priority tax claim for which a proof of claim had been filed, but another claim for which no proof was filed. The court held that the debt should be discharged upon completion of the Chapter 13 plan, reasoning that the IRS should not be able to get around the obligations of Chapter 13 while at the same time arguing that it is entitled to the benefits of it. *See Id.* at 595.

In the case of *In re Van Hierden,* 87 B.R. 563 (Bankr.E.D.Wis.1988), the court held that when a secured creditor filed a proof only for the secured arrearages but filed nothing for the unsecured portion of the debt the entry of the discharge discharged the unsecured part of the secured creditor's claim as well.

In the case of *In re Thomas,* 85 B.R. 608 (Bankr.N.D.Ala.1988), the court held that a creditor who had failed to file a proof of claim was nevertheless bound by the terms

of the confirmed plan and the creditor could not opt out of the debtor's Chapter 13 case by simple expedience of not filing a proof of claim. *See In re Poland,* 276 B.R. 660 (D.Kan.2001).

Conversely, *In re Crites,* 201 B.R. 277 (Bankr.D.Or.1996), dealt with a creditor that had not filed a proof of claim on a prepetition debt because the creditor had not received proper notice of the Chapter 13 case. The court held that the failure to provide notice did not entitle the debtors to a discharge of that debt.

Several courts found the solution to this dilemma by limiting the consideration to the strict language of Section 1328 and interpreting the term "provided for" to mean that the Chapter 13 plan must contain some provision describing the treatment of the debt, and, if the plan does not, the debt cannot be allowed or, therefore, discharged. *See In re Dunn,* 83 B.R. 694 (Bankr.D.Neb.1988) (for debt to be discharged the plan must "make a provision for it", "deal with it," or "refer to it"). *Citing In re Pritchett,* 55 B.R. 557 (Bankr. W.D.Va.1985). These cases, however, usually deal with post-petition debts which are not at issue here. *See In re Guevara,* 258 B.R. 59 (Bankr.S.D.Fla.2001); *see also In re Hester,* 63 B.R. 607 (Bankr.E.D.Tenn. 1986).

Neither research of counsel nor independent research disclosed any controlling decision by the 11th Circuit Court of Appeals on this issue. This Court is disinclined to accept and follow the holdings of *Crites* and *Dunn.* To accept the holdings of *Crites* and *Dunn* would open the door to enable a creditor to escape the consequences of the debtor's pending bankruptcy by not filing a proof of claim thus preserving the non-dischargeability of the claim. This Court is unwilling to accept this proposition which is totally contrary to the scheme of the bankruptcy court which is designed to deal with the relationship between debtors and creditors.

Applying the holdings of courts that found an unfiled claim is discharged even when the plan makes no reference to the claim, this Court is satisfied that the claim of the IRS, based on the 100% assessment pursuant to 26 U.S.C. § 6672 has been discharged, and, therefore, the IRS's demands for payment of this claim were violations of the discharge injunction provided for by Section 524(a)(2) of the Bankruptcy Code. These violations warrant finding the IRS in contempt and justify the imposition of sanctions.

Accordingly, it is

ORDERED, ADJUDGED and DE-CREED that the Debtor's Motion for Summary Judgment be, and the same is, hereby, granted. It is further

ORDERED, ADJUDGED and DE-CREED that the matter shall be set for final evidentiary hearing to determine the appropriate sanctions to be imposed. The hearing shall be held on ————————————————, 2005, beginning at ————.m. at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117, Courtroom D, 2110 First Street, Fort Myers, Florida.