**In re Dorothy D. SORGE, Debtor.**

**Bankruptcy No. BK–92–15506–LN.**

United States Bankruptcy Court,
W.D. Oklahoma.

Jan. 13, 1993.

198

Kenneth C. McCoy, Oklahoma City, OK, for debtor.

Joe Heaton, U.S. Atty., Oklahoma City, OK, and Martin M. Shoemaker, Tax Div., U.S. Dept. of Justice, Washington, DC, for I.R.S.

Ann Spears, Oklahoma City, OK, Chapter 13 Trustee.

## ORDER ON DEBTOR'S OBJECTION TO CLAIM

PAUL B. LINDSEY, Bankruptcy Judge.

### THE PRESENT CASE

On August 19, 1992, debtor filed her petition herein under Chapter 13 of the Bankruptcy Code.[1] Thereafter, Internal Revenue Service ("IRS") timely filed its proof of claim dated September 15, 1992, in the total amount of $69,575.90.[2]

On October 21, 1992, debtor filed her objection to the allowance of the IRS claim, asserting that the tax claims of IRS for the years through 1988 had been discharged in debtor's prior Chapter 13 case, and that the IRS claim should be disallowed in its entirety, apparently including the portion thereof relating to the years 1990 and 1991. IRS filed its response to debtor's objection, and a hearing was thereafter held before this court on the objection. At the conclusion of the hearing, the matter was taken under

---

1. References herein to statutory provisions by section number only will be to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., unless the context requires otherwise.

2. The claim includes alleged income tax liability for the calendar years 1981, 1982, 1983, 1985, 1986, 1988, 1990 and 1991, and interest and penalties thereon. A total of $3,246.36, representing 1986 and 1988 taxes and pre-petition interest thereon, is listed as secured, pursuant to a notice of tax lien filed October 23, 1989; a total of $22,881.38, representing 1982, 1983, 1985, 1990 and 1991 taxes and pre-petition interest thereon, is listed as unsecured but entitled to priority under § 507(a)(7); and a total of $43,448.16, representing 1981 taxes and pre-petition interest, and penalties on both classes of unsecured claims, is shown as a general unsecured claim.

advisement. The parties were permitted to, and subsequently did submit arguments and authorities in support of their respective positions.

## DEBTOR'S PRIOR BANKRUPTCY CASE

On July 25, 1985, debtor and her late husband filed a petition seeking reorganization under Chapter 11.[3] On September 16, 1985, IRS filed its proof of claim covering income taxes owed for 1981 and 1982, in the amount of $22,129.19. On February 22, 1988, IRS supplemented its proof of claim, by adding $1,976.57, covering income taxes owed for 1983. No objection was interposed as to either the original or supplemental proof of claim.

On January 9, 1989, the Chapter 11 case was converted to a case under Chapter 13, the § 341 meeting of creditors was set for February 10, 1989, and a May 11, 1989 claims bar date was established. On March 9, 1989, IRS filed its motion seeking an order compelling debtors to file income tax returns for the calendar years 1984 through 1987. In the alternative, IRS sought an order for debtors to appear and produce their tax records and to testify concerning their correct tax liability for the years in question. On April 19, 1989, the court filed its order directing that debtors appear before a revenue officer of IRS for examination under Rule 2004, Fed.R.Bankr. P., with respect to their tax liability for those years.

Debtors thereafter, on July 11, 1989, filed their income tax returns for the years in question. On July 12, 1989, debtors filed their amended Chapter 13 plan "as a matter of course pursuant to Bankruptcy Rule 1009."[4]

The amended plan provided that the IRS claim for unpaid income taxes for 1983, in the amount of $202.50, would be paid by setoff against funds IRS was then holding. As to the unsecured priority claim of IRS in the amount of $24,488.13, for unpaid income taxes for the years 1981, 1982, 1983, 1985, 1986, 1987 and 1988, it was provided that such amount would be paid from the proceeds from the sale of certain real property which was to be listed and sold within six months. Failing such sale, debtors and IRS were to agree on other means of sale so that the claim would ultimately be paid. As to the general unsecured claim of IRS, in the amount of $5,528.42, it was provided that such claim would be paid in full from the sale of certain real property, along with all other unsecured creditors.

On August 31, 1989, debtors' Chapter 13 plan was confirmed. On October 4, 1989, the Chapter 13 Trustee filed her notice of claims filed, revealing, *inter alia,* that no proof of claim was filed by IRS as to any of its three scheduled claims. As a result, the claims of IRS were not allowed, and no payment on account of them was made.

On July 10, 1992, the Chapter 13 trustee filed her final report and account, showing that the case was completed and fully administered. On November 16, 1992, debtor was granted a discharge under § 1328(a), and the case was closed.[5]

At no time after the conversion of the case to a case under Chapter 13 did IRS refile the proofs of claim filed in the Chap-

---

3. No. 85–02631–A.

4. Rule 1009, Fed.R.Bankr.P., a voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. Notice must be given to the trustee and to any entity affected by the amendment. Rule 1009 makes no mention whatever of, and in this court's opinion, has no applicability to, amendments to a plan. Chapter 13 plan modification before confirmation is governed by § 1323 and by Rule 3019, which requires that the court find, after hearing on notice [not "notice and a hearing" as is defined in § 102(1)], that the proposed modification does not adversely change the treatment of the claim of any creditor ... who has not accepted the modification in writing. Since no objection has been raised or prejudice claimed with regard to debtor's procedural impropriety, this court will take no further action with regard to it.

5. A discharge under § 1328(a) is to be granted as soon as practicable after completion by the debtor of all payments under the plan. With certain exceptions not applicable here, a discharge granted under § 1328(a) discharges "all debts provided for by the plan or disallowed under section 502 of this title...."

ter 11 case prior to conversion, or file any new or amended proofs of claim in the case.[6] Neither did IRS, prior to or after the claims bar date, May 11, 1989, seek an enlargement of time within which to file proofs of claim or seek leave to file the same out of time.

## THE CONTENTIONS OF THE PARTIES

In the original objection to the IRS claim, debtor's sole contention was that full payment of the claim was provided for under the plan, that IRS failed to file a proof of claim in the Chapter 13 case, and that the claim was therefore discharged upon completion by debtor of all payments under the plan.

The response of IRS to the objection recited the chronology of debtor's earlier bankruptcy case, asserted that the IRS claim filed in the Chapter 11 case, before conversion to Chapter 13, was not objected to and was therefore deemed allowed, and, apparently, that it should be deemed allowed in the Chapter 13 case after conversion as well. IRS further contended that its objection to debtors' plan in the earlier Chapter 13 case, along with its motion to compel in connection with debtors' income tax obligations, both filed prior to the claims bar date, could be deemed informal proofs of claim. IRS asserted further that debtors provided for the tax liabilities through 1988 in their amended plan, that such action constituted an acknowledgement of the liability, and that therefore the informal proof of claim should be deemed allowed in the prior bankruptcy. Since the tax claims were not in fact paid in the former bankruptcy, and were not disallowed, IRS contends that they were not and could not have been discharged, and that they are therefore properly includable in the present case.

In her post-hearing brief, debtor reasserts that IRS did not file a proof of claim in the prior Chapter 13 case, and that full payment of the claims was provided for in the plan. The failure of IRS to file a claim prevented the claims from being allowed, and from being paid, but debtor contends that they were nevertheless discharged upon the successful completion of payments under the plan. With respect to the IRS contention that its actions in the earlier Chapter 13 case could be treated as an informal, amendable proof of claim, debtor points out that IRS failed to substantiate its compliance with any element of the generally accepted five-prong test for establishing an informal proof of claim. Debtor further asserts that even if an informal proof of claim could be established as having been filed, IRS at no time formally amended or made any effort to formally amend its claim in the earlier Chapter 13 case, although it was only one day short of three years from the expiration the claims bar date in that case to the filing of the trustee's final report and account. It is noted that IRS also did not object or otherwise respond to the final report and account.

IRS seems to have abandoned its informal proof of claim argument, as neither it nor debtor's response to it is so much as mentioned in the post-hearing brief of IRS. Instead, IRS first contends, as it has throughout, that its original and supplemental claims filed in 1985 and 1988, regarding 1981, 1982 and 1983 tax liabilities, were deemed allowed. IRS contends that the failure of debtors to pay those amounts, as well as the taxes for subsequent years provided for in the plan, in full as required by their plan, prevents their discharge in the prior bankruptcy.

IRS concedes that no proof of claim was ever filed by it for the years subsequent to 1983. It is asserted, however, that debtors' liability for those years must be considered postpetition liabilities, since none of those taxes were due until after debtors filed their earlier petition, on January 25, 1985. Since these are postpetition liabilities, it is

6. IRS, in its March 9, 1989 motion seeking to compel debtors to file tax returns, asserted that the reason for its not having filed a proof of claim in the Chapter 13 case, after conversion, was that it did not have sufficient information to determine the correct amount of tax liability for the years for which no returns had been filed. The implication was clearly that IRS intended to file such a proof of claim when such information was obtained.

contended, IRS was not required to file a proof of claim. Since it did not do so, IRS claims that debtors could not properly provide for the claims in their plan, and they were therefore not claims which could be discharged at the conclusion of the plan.

Finally, IRS contends that if debtor claims that the plan in the previous bankruptcy provided for payment of the IRS claims outside the plan, debtor would still not be entitled to a discharge of those claims, since § 1328(a) provides for the discharge only of debt which are provided for by the plan.

## DISCUSSION

### The Pre–Conversion Chapter 11 Proofs of Claim.

█ Under Rule 1019(3), Fed.R.Bankr.P., when a Chapter 11 case has been converted to a Chapter 7 case, "[a]ll claims actually filed in the superseded case shall be deemed in the Chapter 7 case." Rule 1019 makes reference only to conversions to Chapter 7, and the court is aware of no rule or case law requiring or providing for this result in cases involving conversion from Chapter 11 to Chapter 13, as is the case here.

In the absence of any such provision, rule or authority, a creditor in a case converted from Chapter 11 to Chapter 13, as here, in order to have its claims allowed and paid, must file a proof of claim in the Chapter 13 case after conversion. The fact that a proof of claim was timely filed in the Chapter 11 case prior to conversion avails a creditor nothing in the Chapter 13 case after conversion. The necessity of filing a proof of claim is clearly set out in the Order and Notice for Meeting of Creditors, entered in this case on January 12, 1989, which also fixed the claims bar date of May 11, 1989.

█ In view of the foregoing, the IRS filing of a proof of claim as to 1981 and 1982 tax liabilities on September 26, 1985, and a supplemental proof of claim as to the 1983 tax liability on February 22, 1988 is insufficient to satisfy the requirement that proofs of claim be filed in the subsequent superseding case under Chapter 13. Contrary to the IRS argument, the fact that no objection was filed to the proofs of claim filed in the Chapter 11 case prior to conversion does not compel the conclusion that those claims should be deemed allowed, under § 502(a) or otherwise, in the Chapter 13 case after conversion. For purposes of the Chapter 13 case, it is as though those proofs of claim had never been filed.

### The IRS Assertion of an Informal Proof of Claim.

█ Further, this court is of the opinion that the actions of IRS after conversion, objecting to confirmation of debtors' Chapter 13 plan and seeking tax computation documentation from debtors, wholly failed to rise to the level of an informal proof of claim. See In re Reliance Equities, Inc., 966 F.2d 1338 (10th Cir.1992); In re McCoy Management Services, Inc., 44 B.R. 215 (Bankr.W.D.Ky.1984). Reliance and McCoy require that an informal proof of claim, in order to be valid and amendable: Must be in writing; must contain a demand on the debtor's estate; must express an intent to hold debtor(s) liable for the debt; must be filed with the bankruptcy court; and under the facts of the case, it would be equitable to allow the amendment sought by the creditor. Reliance, at 1345; McCoy, at 217.

In this case, IRS has at no time sought to amend its alleged informal proof of claim. In fact, as the IRS pleadings indicate, IRS intended to file a proof of claim in the converted Chapter 13 case when it had the information to be obtained from debtors pursuant to its motion to compel. It is clear that such information was available to IRS after July 11, 1989, the date on which debtors complied with the court's order for a Rule 2004 examination before an IRS revenue officer. Nevertheless, IRS did nothing further to assert its claim in the Chapter 13 case. The IRS contention that it had an informal proof of claim, to the extent the same has not been abandoned, is without merit in the circumstances.

*Debtor's Pre–Petition Tax Liability.*

 Debtor contends that all of the IRS priority tax claims were discharged upon completion of debtors' previous Chapter 13 plan, since IRS filed no proof of claim as to such claims, which were provided for by the plan, as amended July 12, 1989. Debtor cites a number of cases in support of her argument in this regard, all substantially to the same effect. Principal among and representative of these cases are *In re Tomlan,* 102 B.R. 790 (E.D.Wash.1989); *affirmed, sub nom. Ledlin v. United States of America (In re Tomlan),* 907 F.2d 114 (9th Cir.1990); and *In re Richards,* 50 B.R. 339 (E.D.Tenn.1985).

In *Tomlan,* payment in full of certain unpaid taxes were provided for in debtor's Chapter 13 plan, but when IRS filed its proof of claim untimely, the plan was amended to eliminate any provision for payment of the unsecured IRS claim. Instead, the amended plan provided that the debtor would pay 100 percent of the "allowed claims" of IRS, thus leaving it to the trustee and the court to determine what portion of the claim would be paid under the plan. After a thorough discussion of the issue, and of several of the other cases cited by debtor herein, the court held that the taxes were discharged upon completion of debtor's performance under the plan. The court supported its decision with the following:

> While the legislature recognized that the "three-way tension" between general creditors, the debtor, and the tax collector necessitated a balancing of their interests, with the result that certain tax claims are afforded priority status, it stated that "unpaid taxes *accorded priority* are nondischargeable, and tax claims which are not *given priority* are ... not collectible from the debtor's post-bankruptcy assets." Sen.Rept. 95–989, Pub.L. 95–598, 92 Stat. 2549, 95th Cong., 2nd Sess. (1978, at 14, reprinted in U.S.Code Cong. & Admin.News at p. 5800. (Emphasis added.) Thus the legislature anticipated that, in order to be nondischargeable, the taxes must actually achieve priority status. To achieve priority status, the claim must be allowed, and to be allowed it must be timely filed. 11 U.S.C. [§] 507(a)(7).

In *Richards,* payment in full of an IRS claim was provided for in debtor's Chapter 13 plan. IRS filed its claim untimely, and IRS received no payment. After receiving their discharge, debtors filed a complaint against IRS to enjoin it from trying to collect a penalty related to the claim.

The *Richards* court first notes that tax debts are not among those which are nondischargeable under § 1328(a). The court next makes the following statement:

> This brings the court to the question of whether the tax penalty was provided for by the plan even though the IRS received no payments. The plan provided for payment of the debt, but it was not paid because a proof of claim was not timely filed. Certainly § 1328(a) does not mean that every debt which is scheduled but not paid, because the creditor fails to file a proof of claim, is not discharged. [Citations omitted.]

*Id.,* at 341.

In this case, the IRS claims for 1981, 1982 and 1983 taxes were not allowed in the Chapter 13 case because no proof of claim was ever filed in the Chapter 13 case with respect to such claims. Not having been allowed, they could not be paid by the trustee, even though debtors' plan provided for payment in full of the IRS claims for those years as well as for several subsequent years as well.

Since the claims for 1981, 1982 and 1983 taxes were provided for in debtors' amended plan, they were dischargeable under § 1328(a) after the completion by debtors of all payments under the plan. The fact that contemplated payments to IRS were not made, does not compel a different result. The IRS claims were not paid because they were not allowed. Any other result would create an anomalous result, wherein IRS would never be required to file proofs of claim in order to compel payment in full of its alleged priority claims. Had the Congress desired this result, which this court is firmly convinced that it did not, it could have so provided.

*Debtor's Post–Petition Tax Liability.*

▪ The same result, however, does not obtain with respect to the IRS claims with respect to taxes for 1985, 1986, 1987, 1988, 1990 and 1991. This is true because the taxes for those years were not due when debtors' original petition was filed on July 25, 1985. Thus, claims for those taxes are postpetition claims, which are accorded different treatment under Chapter 13.[7]

Under § 1305(a)(1), a proof of claim may be filed by any entity that holds a claim against the debtor for taxes that become payable to a governmental unit while the case is pending, and § 1305(b) provides that such a claim, when filed, is allowed or disallowed under § 502. Under § 502(a), a claim is deemed allowed unless objected to if proof of that claim is filed, as permitted by § 501. Pursuant to § 1322(b)(6), a Chapter 13 plan may provide for payment of all or any part of any claim allowed under § 1305. Finally, a discharge granted under § 1328(a) discharges all debts provided for by the plan.

· These provisions, and their interrelationship, have been the subject of discussion in several decided cases, and in a leading bankruptcy treatise.

> A reading of [§ 1305(a) ] makes it obvious that it is within the postpetition creditor's control whether a proof of claim is filed for a postpetition debt. There is no provision in § 1305(a) for the debtor to force a postpetition creditor to file a proof of claim or for the debtor to file a proof of claim on behalf of a postpetition creditor. . . .

*In re Goodman,* 136 B.R. 167, 169 (Bankr. W.D.Tenn.1992).

> Postpetition creditors can decline to participate in the previously confirmed Chapter 13 plan by not filing a proof of claim, and the debtor can not force or cram down such a creditor's participation through postconfirmation modification.

*In re Benson,* 116 B.R. 606 (Bankr. S.D.Ohio 1990); *see also, In re Glover,* 107 B.R. 579 (Bankr.S.D.Ohio 1989).

> Debts incurred by the chapter 13 debtor after the commencement of the case and not provided for by the plan are not discharged under section 1328(a). Postpetition debts allowed under sections 502(a) and (b) and 1305(a), (b) and (c) provided for under the plan as permitted by section 1322(b)(6) are discharged under section 1328(a). . . .

5 L. King, Collier on Bankruptcy § 1328.-01[1][d][vii] at 1328–15 (15th ed. 1991).[8]

It is noted that § 1322(b)(6) permits provision in a Chapter 13 plan only for those postpetition claims *allowed* under § 1305. Since a claim may not be allowed under § 502 unless a proof of the claim has been filed, a § 1305 claim as to which no claim has been filed may not be allowed and, under § 1322(b)(6), may not be provided for by the Chapter 13 plan or, under § 1328(a), discharged at the completion of payments under the plan.

Although the foregoing conclusion requires a rather tortuous journey through the applicable code provisions, it is believed by this court to be the correct conclusion, and is supported by all courts which this court has found to have addressed the issue. *See Goodman, Benson,* and *Glover, supra; In re Dunn,* 83 B.R. 694 (Bankr. D.Neb.1988); *In re Hester,* 63 B.R. 607 (Bankr.E.D.Tenn.1986); and *In re Pritchett,* 55 B.R. 557 (Bankr.W.D.Va.1985).

---

7. Under § 348(a), conversion of a case from one chapter to another constitutes an order for relief under the chapter to which the case is converted, but, except in circumstances not present here, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

8. Compare ¶ 1305.01[2][A][i], at 1305–4. ("A plan requiring that notice be given any holder of a section 1305 postpetition claim in time to permit its proof and allowance and proposing appropriate payment of allowed postpetition claims would satisfy the requirement that the debt be *provided for by the plan,* thereby bringing such claims within *the scope* of a section 1328 discharge.") This would seem to ignore the specific language of § 1322(b)(6), permitting treatment of only *allowed* § 1305 claims, and to conflict with the universally held view that a postpetition creditor may not be forced to participate in the Chapter 13 plan process.

## CONCLUSION

Based upon the foregoing, the court concludes that debtor's objection to the claim of IRS must be overruled with respect to the portion of the claim consisting of, relating to or based upon income tax liability for the years 1985, 1986, 1988, 1990 and 1991.[9] The objection, however, will be sustained as to the portion of the claim consisting of, relating to or based upon income tax liability for the years 1981, 1982 and 1983.

IT IS SO ORDERED.

9. It is noted that debtor provided no authority or argument in support of her contention that the liability for the years 1990 and 1991 was discharged in the earlier case, or that the claims insofar as it relates to those years, should be denied.