**In re Marshal J. DIXON and Joanie M. Dixon, Debtors.**

**Marshal J. DIXON and Joanie M. Dixon, Plaintiffs,**

v.

**UNITED STATES of America ex rel. INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 93–11972–LN.**

**Adversary No. 97–1051–LN.**

United States Bankruptcy Court, W.D. Oklahoma.

June 10, 1997.

Joseph W. Farber, Oklahoma City, OK, for Plaintiffs.

William F. Castor, Special Assistant United States Attorney, Oklahoma City, OK, for Defendant.

### ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

PAUL B. LINDSEY, Bankruptcy Judge.

### THE UNDISPUTED FACTS

On April 9, 1993, Debtors, the plaintiffs herein, commenced the underlying bankruptcy case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.[1] According to their Schedule E, Creditors Holding Unsecured Priority Claims, which was filed with their petition, Debtors listed a debt to the Internal Revenue Service ("IRS"), the defendant herein, of $1,236 attributable to the 1992 tax year.

On April 15, 1993, Debtors filed their 1992 federal individual income tax return with the IRS. Debtors' joint tax liability for the 1992 tax year was determined to be in the total amount of $2,411, of which amount $1,175 had been previously remitted to the IRS from funds withheld from Debtors' income, thereby leaving an unpaid balance due and owing of $1,236, the same amount as noted above. *See* IRS Exhibit B.

On July 12, 1993, this court confirmed Debtors' proposed Chapter 13 plan which provided for payment of $1,236 to the IRS as an unsecured priority claim. *See* IRS Exhibits C & D. However, no proof of claim was filed in the bankruptcy case with regard to Debtors' unpaid 1992 tax obligation by IRS or by Debtors on behalf of IRS, as is permitted by § 501(c).[2] As a result of this omis-

---

1. References herein to statutory provisions by section number only will be to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.,* unless the context requires otherwise.

2. Section 501(c) provides: If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

sion, IRS did not receive payment of the debt.

On March 14, 1996, after having successfully made all the required monthly plan payments to the standing Chapter 13 trustee in accordance with their confirmed plan, Debtors were granted a discharge pursuant to § 1328(a).[3]

Subsequent to the March 14 order of discharge, IRS initiated a wage levy against Debtors in order to satisfy the outstanding income tax liability attributable to the 1992 tax year. By use of the wage levy, the IRS collected $1,275.90 during the period from December 3, 1996, through February 20, 1997.

On February 24, 1997, IRS exercised a setoff of $716.06 against Debtors' income tax overpayment attributable to the 1996 tax year, and applied that amount in order to satisfy the balance of Debtors' 1992 tax liability.[4]

On February 18, 1997, six days prior to the above noted setoff, Debtors commenced the instant adversary proceeding pursuant to Rule 7001(6), Fed.R.Bankr.P., requesting, *inter alia*, a determination of whether Debtors' 1992 tax liability was discharged by the order entered March 14, 1996, prior to the collection efforts of IRS, and, if so, that they be awarded costs and damages.

## CONCLUSIONS OF LAW

Summary judgment under Rule 56, Fed. R.Civ.P., made applicable to this proceeding under Rule 7056, Fed.R.Bank.P., is appropriate if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp.*

**3.** Section 1328(a) provides: As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title; or

*v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In this matter, there are no genuine issues of material fact, and thus disposition by summary judgment is appropriate.

## THE CONTENTIONS

On April 9, 1997, the IRS filed its motion requesting summary judgment. In its motion, IRS argues that Debtors' 1992 federal income tax liability represents a *postpetition* debt, and as such is subject to the provisions of § 1305. It contends that because no claim was filed under § 1305, Debtors' 1992 tax liability was not discharged by the order of March 14, 1996.

On April 28, 1997, Debtors timely filed their combined response to the motion of IRS, and their request for summary judgment. In their pleading, Debtors argue that any claim based upon their 1992 tax liability represents a *prepetition* obligation, and that it is therefore not subject to § 1305. They contend that because such claim was provided for in their confirmed plan, the order of discharge entered pursuant to § 1328(a) on March 14, 1996, discharged them from any further liability on that claim.

## DISCUSSION

### Prepetition or Postpetition Claim

The initial inquiry in this matter is whether Debtors' 1992 tax liability represents a *prepetition* or *postpetition* debt in order to determine the applicable provisions of the Bankruptcy Code governing the treatment of any claims based upon that liability.

This court has previously held that for purposes of determining when a right to a tax refund arises, the end of the taxable year in question controls. *See In re Graybeal,* Case No. BK–93–14250–LN, order entered December 29, 1993.

(2) of the kind specified in paragraph (5), (8), or (9) of section 523(a) or 523(a)(9) of this title; or

(3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime.

**4.** The amount collected by the IRS through wage levy and offset totals $1,991.96, an amount representing the original 1992 tax deficiency, $1,236, plus accrued interest and penalty in the amount of $755.96. *See* IRS Exhibit B.

In *Graybeal*, the debtors commenced their Chapter 13 bankruptcy case on July 21, 1993. On September 1, 1993, debtors filed their tax return for the calendar year 1992 showing an overpayment of federal taxes for that year. The IRS filed a motion for relief from the automatic stay in order to allow an offset pursuant to § 553 of debtors' 1992 overpayment against certain prepetition tax liabilities which remained unpaid. Debtors objected, arguing that the requirements of § 553 had not been met because their right to a refund did not arise until their tax return was filed, which occurred after the case was commenced.[5]

In support of its motion, the IRS argued that even though debtors' 1992 tax return was filed postpetition, its obligation to refund the overpayment to debtors arose on December 31, 1992, the end of the taxable period during which the overpayment was made, and that therefore its obligation represented a prepetition obligation, thus satisfying the requirements of § 553. This court agreed.

While this court's decision in *Graybeal* did not specifically address when a debtor's obligation to pay the IRS arises, it is of the view that the bases for that decision should be equally applicable here. As is noted above, the IRS argued in *Graybeal* that its obligation to refund an overpayment arises at the end of the taxable year. However, such obligation could not arise in the absence of a concomitant liability of the taxpayer. It would be anomalous to hold that the end of the taxable year represents the date on which arises the obligation of the IRS to refund an overpayment to a taxpayer, but that the date upon which a federal income tax return must be filed with regard to that same taxable year represents the date upon which arises the taxpayer's obligation to pay the IRS.

For purposes of the Bankruptcy Code, it is this court's view that April 15 of each calendar year only represents the last date, in the absence of extensions, for filing of a tax return and remittance of any underpayment without penalty. As Debtors contend, this court finds and concludes that the end of the taxable year is when the tax obligation arises and as such is the appropriate date for determining whether a tax obligation owed by debtors to a governmental entity is a prepetition or postpetition debt for purposes of the Bankruptcy Code. *Accord Nolan v. United States of America, Internal Revenue Service (In re Nolan)*, 205 B.R. 885, 893 (Bankr.M.D.Tenn.1997) (Where debtor-taxpayer's Chapter 7 petition was filed in February, tax liability for the previous year was prepetition debt, even though tax return for previous year was not yet due on petition date.) This court therefore concludes that any claim based upon Debtors' 1992 tax liability represents a prepetition debt.

### The Applicable Provisions for Discharge of Prepetition Debts under Chapter 13

An order of discharge entered pursuant to § 1328(a) is effective as to a debtor's liability on a debt when the following requirements are satisfied: (1) when there has been successful completion by debtor of all payments under the confirmed plan; (2) the debt to be discharged has been provided for by the confirmed plan; (3) the debt to be discharged is not a debt provided for under § 1322(b)(5), of the kind specified in §§ 523(a)(5), (8), or (9), or for restitution or a criminal fine, included in a sentence on the debtor's conviction of a crime; and (4) the debt to be discharged is not based upon an allowed claim filed under § 1305(a)(2) in circumstances where prior approval by the trustee of debtor's incurring such debt was practicable and was not obtained. *See* § 1328(a), (d).

In this matter, Debtors made all payments under the confirmed plan, the tax obligation at issue is not of the kind described as an exception to discharge under § 1328(a), and the debt herein is not a § 1305(a)(2) obligation. The only matter to be resolved herein is whether the debt at issue, *i.e.* Debtors' 1992 federal tax obligation, was properly provided for by the confirmed plan.

Section 1322(a)(2), which describes the contents of a plan, provides that a plan *shall*

---

**5.** Section 553 requires that the mutual debts subject to offset arise before the commencement of the bankruptcy case.

provide for the full payment, in deferred cash payments, of all claims entitled to priority under § 507, unless the holder of a particular claim agrees to a different treatment of such claim. Section 507 provides priority treatment, *inter alia*, for allowed unsecured claims of governmental units, only to the extent that such claims are for a tax on or measured by income for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition. *See* § 507(a)(8)(A)(i).

Section 101(5)(A) defines the term "claim" as a right to payment, whether or not such right is reduced to judgment, liquidated, un-liquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, while § 101(12) defines the term "debt" as liability on a claim.

■ In this matter, the debt at issue is based upon a claim for a tax on income for a taxable year ending before the date of the filing of the bankruptcy petition within three years prior to the petition date. Such claim, if it had been filed, was entitled to priority treatment pursuant to § 507, and thus § 1322(a)(2) required that Debtors' Chapter 13 plan provide for the payment in full of that claim. Debtors' plan, as confirmed, contained the requisite provision.

*The Failure to File A Proof of Claim*

■ As is noted above, although the confirmed plan provided for payment of $1,236 to IRS on account of Debtors' 1992 tax liability, IRS never received such payment. The fact that IRS did not receive payment, however, does not alter the conclusion that Debtors' 1992 tax liability was discharged by the order entered March 14, 1996.

In *In re Sorge,* 149 B.R. 197 (Bankr. W.D.Okla.1993) the debtors objected to a proof of claim filed by IRS in their current bankruptcy case. They argued that certain of the alleged tax debts had been previously discharged in debtors' prior Chapter 13 case. In reaching its determination, this court found that debtors' confirmed Chapter 13 plan in their prior bankruptcy case provided for the payment in full of prepetition tax debts entitled to priority under § 507, but

that such debts had not been paid during the prior case because no proofs of claim were ever filed, timely or otherwise, by or for IRS, during the pendency of that case. Because no proofs of claim were filed, claims based upon the debtors' prior tax debts were not allowed claims, and as such could not be paid by the standing Chapter 13 trustee, even though funds attributable to the priority tax debts had been paid to the trustee by debtors in accordance with their confirmed plan. This court therefore concluded that prepetition tax debts entitled to priority treatment are dischargeable under § 1328(a) after the completion by debtors of all payments under the plan, if no proof of claim respecting the claim is filed by or on behalf of the taxing authority, even though such debts are provided for in a confirmed Chapter 13 plan, and plan payments included amounts intended to pay such debts.

This court finds its decision in *Sorge* to be applicable herein.

**DECISION**

In this matter, as is noted above, Debtors' confirmed plan properly provided for payment in full of their prepetition 1992 tax debt. Upon successful completion of all payments under the plan, an order of discharge was entered, thereby discharging Debtors from any further liability on that tax claim. The fact that IRS did not receive payment because of its failure to file a claim on that debt does not render invalid or unenforceable the order of discharge entered in the underlying bankruptcy case.

Based upon the foregoing, Debtors' motion for summary judgment will be granted, and the motion for summary judgment filed by the IRS will be denied. IRS is directed to turn over to Debtors those funds collected after entry of the order of discharge attributable to Debtors' unpaid 1992 tax liability, with accrued interest at the applicable overpayment rate established under 26 U.S.C. § 6621. Judgment will be entered accordingly.

IT IS SO ORDERED.