In re Marshall DIXON, Jr., and Joanie Marie Dixon, Debtors.

Marshal J. DIXON and Joanie Marie Dixon, Plaintiffs—Appellees,

v.

INTERNAL REVENUE SERVICE, Defendant—Appellant.

BAP No. WO–97–053.
Bankruptcy No. 93–11972.
Adversary No. 97–1051.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

March 6, 1998.

Stephen P.B. Kranz, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for Defendant–Appellant.

Joseph W. Farber, Oklahoma City, OK, for Plaintiffs–Appellees.

Before McFEELEY, Chief Judge, PUSATERI, and CLARK, Bankruptcy Judges.

## OPINION

PUSATERI, Bankruptcy Judge.

The Internal Revenue Service ("IRS") appeals the Bankruptcy Court's ruling that the IRS had to return money it collected from the Debtors for their 1992 income tax liability after they received a chapter 13 discharge because the debt did not fall within 11 U.S.C.A. § 1305(a)(1). We affirm the Bankruptcy Court's decision.

### I. Background

Debtors Marshal J. and Joanie M. Dixon ("Debtors") filed a chapter 13 bankruptcy case on April 9, 1993. Although there is some question, not relevant to this appeal, whether they filed their 1992 federal income

tax return before or after they filed for bankruptcy, there is no doubt they filed it sometime after January 1, 1993, but no later than its due date of April 15. In their bankruptcy schedules, they listed as a debt the $1,236 balance due as shown on that return, and they proposed in their chapter 13 plan to pay that amount to the IRS as an unsecured priority claim. Neither the IRS nor the Debtors filed a proof of claim for the taxes. The Debtors' plan was confirmed. They made all the monthly payments required under the plan, and were granted a chapter 13 discharge in 1996. Because no proof of claim had been filed, the IRS's claim was not allowed and the IRS was not paid the 1992 tax debt. *See* Fed. R. Bankr.P. 3021 (distribution under confirmed plan may be made only to creditors whose claims have been allowed).

After the Debtors received their discharge, the IRS collected the 1992 taxes, plus penalties and interest, through a wage levy and setoff of a 1996 tax overpayment. The Debtors returned to the Bankruptcy Court and commenced an adversary proceeding seeking a determination that the 1992 tax debt had been discharged and a refund of the money collected after the discharge. Both the IRS and the Debtors moved for summary judgment. In a pair of published decisions, the Bankruptcy Court first ruled in favor of the Debtors, 209 B.R. 535 (1997), and later denied the IRS's motion to reconsider, 210 B.R. 610 (1997). The IRS appeals.

## II. Discussion

The IRS contends its 1992 tax claim was covered by § 1305(a)(1) of the Bankruptcy Code. Section 1305, entitled "[f]iling and allowance of postpetition claims," provides in relevant part:

(a) A proof of claim may be filed by any entity that holds a claim against the debtor—

(1) for taxes that become payable to a governmental unit while the case is pending. . . .

(b) . . . [A] claim filed under subsection (a) of this section shall be allowed or disallowed under section 502 of this title, but shall be determined as of the date such claim arises, and shall be allowed under section 502(a), 502(b), or 502(c) of this title, or disallowed under section 502(d) or 502(e) of this title, the same as if such claim had arisen before the date of the filing of the petition.

Relying on its view that the "plain meaning" of the words "become payable" in subsection (a)(1) makes the provision apply to the Debtors' 1992 taxes, the IRS argues that since the provision allows but does not require a covered claim to be filed, it was free to choose not to file a claim and instead try to collect after the Debtors' bankruptcy case was over. Oddly enough, the IRS concedes its claim arose at the end of the Debtors' 1992 tax year, and so could have been subject to chapter 13 treatment as a prepetition claim. However, in effect it contends it was also free to avoid having its claim treated as a prepetition claim by failing to file a proof of claim. We suspect, though the record does not establish, that this failure was the result of neglect rather than deliberation, but that possibility has no impact on our decision.

Perhaps not surprisingly, the IRS turns to a provision in the Internal Revenue Code, 26 U.S.C.A. § 6151(a), which it contends specifies when taxes "become payable" for purposes of § 1305(a)(1) of the Bankruptcy Code. Section 6151(a) declares that taxes are to be paid when the relevant return is due, without regard to extensions of time for filing the return. Some courts have ruled that taxes "become payable" under § 1305(a)(1) when the tax return is due under § 6151(a). *E.g., United States v. Ripley (In re Ripley)*, 926 F.2d 440, 443–44 (5th Cir.1991); *Matravers v. United States (In re Matravers)*, 149 B.R. 204, 206 (Bankr.D.Utah 1993). However, neither these cases nor any other the IRS has cited involved the sequence of events now before us: the Debtors' tax year ended, then the Debtors filed for bankruptcy, and then their return for the tax year became due. Instead, in those cases, the debtors filed for bankruptcy either before the end of the tax year or after the tax return was due. For example, in *Ripley*, the debtors, one of whom was self-employed, failed to make any of the required quarterly estimated tax payments and then filed for bankruptcy before the end of their tax year.

926 F.2d at 441–42. The Fifth Circuit declared, "[T]he question is whether the taxes in question 'became payable' when the [debtors] were required to file their tax return, or instead when the estimated tax installment payments were due." 926 F.2d at 443. Because it would not have helped them, the debtors had no reason to argue, and the Circuit did not consider, whether the taxes might have "become payable" when the tax year ended rather than when the return was due. Consequently, we find *Ripley* and the other cited cases provide little guidance for resolving the question before us.

The IRS somewhat undercuts its "plain meaning" argument by noting that the dates when taxes accrue, are assessed, and are payable can overlap, and so these terms "have been used somewhat interchangeably." We think a phrase must have less flexible connotations before a "plain meaning" analysis can be appealing. Furthermore, words used in the Bankruptcy Code do not necessarily mean the same thing they might mean in the Internal Revenue Code. We believe § 6151(a) and the cited cases address the payable nature of taxes from the standpoint of the last permissible time to pay them before the IRS can commence forcible collection activities. The Bankruptcy Code, by contrast, generally attempts to deal with debtors' payment obligations at an earlier time. Section 101(5)(A) defines "claim" for most purposes to mean "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured," and § 101(12) defines "debt" to mean "liability on a claim." "Claims" or "debts" are what debtors try to provide for and either pay or discharge through chapter 13 plans. *See* 11 U.S.C.A. §§ 1322, 1325, & 1328. While it is not immediately apparent why in § 1305(a)(1) Congress said "become payable" rather than "arise" or "accrue" or some other words that more obviously refer to a time before the last permissible day for paying taxes, we think it is clear the phrase would not fit comfortably in the overall chapter 13 scheme if it included any prepetition claims.

From the Debtors' standpoint, their 1992 tax liability essentially became fixed and calculable—and therefore payable—at the close of their tax year. One would not be stretching the meaning of § 1305(a)(1) to say those taxes "became payable" at that time, that is, as of the day after their tax year ended. At any time during the tax year, some unforeseen event might have changed their tax liability, reducing it (if, for example, they had suffered a casualty loss) or increasing it (if, for example, they had won the state lottery). But once the tax year ended, their tax liability was largely established, although Congress has authorized a few later events to change that liability. Had the Debtors qualified for a refund rather than owed additional tax for 1992, the IRS would have been perfectly willing to treat their refund claim as a fixed prepetition claim so that it could set it off against any older prepetition taxes they might have owed, as permitted under § 553 of the Bankruptcy Code. In sum, the IRS's argument here is that the Debtors' 1992 taxes are a prepetition claim that it could have forced the Debtors to pay in full through their chapter 13 plan by choosing to file a proof of claim, but that § 1305(a)(1) allowed it to choose again either: (1) to wait until the Debtors' tax return came due and force them to pay the claim in full by filing a proof of claim at that time; or (2) to wait even longer, until the Debtors' bankruptcy case was closed, and try to collect the claim from them then. We find this to be a strange system for Congress to have intended to establish.

We would be forced to ignore all these considerations if we were to accept the IRS's view of the plain meaning of the phrase "become payable." But we are convinced § 1305 itself contains clues that demonstrate Congress did not intend to include prepetition claims within the statute's reach. Section 1305(b), quoted above, provides that a claim filed under subsection (a) is to be allowed or disallowed "the same as if such claim had arisen before the date of the filing of the petition." That is, subsection (b) indicates that claims under subsection (a) are postpetition claims, but are to be treated as though they had arisen prepetition. At the least, this provision raises the question

whether Congress intended for the phrase "become payable" to encompass claims that actually did arise prepetition, as the IRS concedes the 1992 taxes did. This ambiguity in the language of the statute permits us to rely on the title of the provision as clarifying Congress's intent. *See Strathearn S.S. Co. v. Dillon,* 252 U.S. 348, 354, 40 S.Ct. 350, 351, 64 L.Ed. 607 (1920); *Johnston v. Commissioner,* 114 F.3d 145, 150 (10th Cir.1997); *Oklahoma v. United States Civil Service Comm'n,* 153 F.2d 280, 283 (10th Cir.1946), *aff'd,* 330 U.S. 127, 67 S.Ct. 544, 91 L.Ed. 794 (1947). The title of § 1305, "[f]iling and allowance of postpetition claims," indicates only postpetition claims were intended to be covered, reinforcing subsection (b)'s meaning and countering the meaning the IRS offers for "become payable." In addition, the legislative history of the 1978 Bankruptcy Code contains the statement, "Section 1305(a) provides for the filing of a proof of claim for taxes and other obligations *incurred* after the filing of the chapter 13 case." S.Rep. No. 95–989, at 140 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5926 (emphasis added). We conclude the IRS's claim for 1992 taxes is not covered by § 1305(a)(1).

■ But we cannot comfortably end our discussion there. The Debtors argue that the IRS's claim was entitled to priority under § 507(a)(8)(A)(i) and so § 1322(a)(2) required that they provide in their plan for its full payment. Section 507 provides in pertinent part:

(a) The following expenses and claims have priority in the following order:

. . . .

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition. . . .

Section 1322 provides in pertinent part:

(a) The plan shall—

. . .

(2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim. . . .

The IRS makes three arguments about the operation of these provisions. We may reject two of them rather easily. First, the IRS suggests § 507(a)(8)(A)(i) applies only to taxes for which a return was due within three years before the filing of the bankruptcy petition. This assertion misreads the provision. It actually applies when the return was last due *after,* not *within,* three years before the petition was filed. The Debtors' 1992 return was due after they filed for bankruptcy. While the IRS is correct that the return was not due "within" three years before they filed for bankruptcy, a return coming due after the petition was filed is indeed due "after three years before" the petition, which is what the statute requires. Second, the IRS suggests § 1322(a)(2) permitted it unilaterally to "agree[ ] to a different treatment of [its] claim," which it did by choosing not to file a proof of claim and waiting to pursue collection after the Debtors' bankruptcy case was over. We need not consider whether such a choice could constitute "treatment" of a claim. The word "agrees" implies that someone in addition to the holder of the claim must participate in the decision to propose a treatment other than full payment. Since only the Debtors could file a chapter 13 plan, see 11 U.S.C.A. § 1321, they were necessary participants. Acting alone, the IRS could not "agree" to wait out the bankruptcy case before collecting from the Debtors.

Finally, the IRS correctly points out that §§ 507(a)(8) and 1322(a)(2) apply only to allowed claims, and that an unsecured claim cannot be allowed in a chapter 13 case without a filed proof of claim. *See* Fed. R. Bankr.P. 3002(a), 3003, 3004, & 3005. But then the IRS gives its failure to file a proof of claim a positive twist by implicitly assuming that its claim could survive the Debtors' chapter 13 discharge because it was not allowed and therefore not subject to §§ 507(a)(8) and 1322(a)(2). The IRS does

not and cannot cite any Bankruptcy Code section that expressly makes its claim survive, and we cannot agree with the assumption that the claim does survive.

We must concede that no Code provision expressly provides that unfiled claims are discharged by a chapter 13 discharge, but we think that result necessarily follows from various provisions. Section 1328(a) declares, with certain exceptions that do not include any taxes, that a debtor who has completed a chapter 13 plan is to receive a discharge of all debts "provided for by the plan or disallowed under section 502." The Debtors' plan provided for the IRS's claim to be paid, and it was not paid only because no proof of claim was filed. Except when a lack of notice to the creditor is involved, the reported decisions considering the question (in addition to those of the Bankruptcy Court in this case) have ruled such a claim is nevertheless "provided for" by the plan within the meaning of § 1328(a) and is therefore discharged. *See, e.g., Thibodaux v. United States (In re Thibodaux),* 201 B.R. 827, 830–31 (Bankr. N.D.Ala.1996); *In re Sorge,* 149 B.R. 197, 202 (Bankr.W.D.Okla.1993); *Border v. IRS (In re Border),* 116 B.R. 588, 592–95 (Bankr. S.D.Ohio 1990); *Workman v. United States (In re Workman),* 108 B.R. 826, 830 (Bankr. M.D.Ga.1989); *see also United States By and Through Internal Revenue Service v. Hairopoulos (In re Hairopoulos),* 118 F.3d 1240, 1243–46 (8th Cir.1997) (plan may "provide for" tax claim without specifically naming governmental creditor, but claim cannot be considered "provided for" if creditor does not receive proper notice of chapter 13 proceedings); Keith M. Lundin, *Chapter 13 Bankruptcy,* § 9.16 at 9–29 & n. 142 (2d ed. 1994) & 1997–98 Cum.Supp. at 1032–33 (discussing "provided for" and failure to file proof of claim, and citing additional cases). Furthermore, although it did so after the time for filing claims had expired in this case, Congress amended § 502(b) to overrule cases that had held a claim could not be disallowed in a chapter 13 case on the ground the proof of the claim was not timely filed. *See* Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 213, 1994 U.S.C.C.A.N. (108 Stat.) 4106, 4125–26 (codified at 11 U.S.C.A. § 502(b)(9)); H.R.Rep. No. 103–835, at 48 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3357. So the IRS is asking us to believe that even though Congress enabled taxing authorities to obtain full payment simply by filing a proof of claim and, in 1994, directed the courts to disallow, and thus discharge, the taxes if a late proof of claim is filed for them, Congress also believed the Bankruptcy Code already allowed and intended for it to continue to permit taxing authorities who file no proof of claim at all to wait until the bankruptcy case is over and then try to collect from the debtors. And, rather than doing this in a straightforward manner by including the taxes in § 1328(a) where it specified other debts that would not be discharged upon completion of a chapter 13 plan, Congress instead created this alternate remedy through silence. We are not convinced. Instead, we believe Congress assumed unfiled claims would be disallowed and discharged, just as late-filed ones now clearly are.

### III. Conclusion

The Bankruptcy Court correctly determined that the Debtors' prepetition 1992 tax liability was not a claim covered by § 1305(a)(1), and that the debt was provided for in the Debtors' chapter 13 plan and was discharged under § 1328(a). Its decision is AFFIRMED.