In re Michael George TURNER, Debtor.

No. 09–40727.

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Dec. 21, 2009.

Christopher W. Jones, Kevin Fitzpatrick, William D. Johnson, Southfield, MI, for Debtor.

*OPINION GRANTING THE STATE OF MICHIGAN DEPARTMENT OF TREASURY'S OBJECTION TO CLAIM NUMBER 10 FILED BY THE DEBTOR ON THE STATE'S BEHALF*

MARCI B. McIVOR, Bankruptcy Judge.

This matter is before the Court on the State of Michigan Department of Treasury's ("Treasury") Objection to Claim Number 10 Filed by the Debtor on Treasury's behalf. Treasury objects to the claim on the grounds that the taxes owed to the State of Michigan for tax year 2008 are a postpetition liability and cannot be paid as a prepetition claim. For the reasons stated in this Opinion, the Objection

is sustained and the claim is disallowed as an improper claim for prepetition taxes.

## I. *Facts*

Debtor Michael Turner filed a voluntary Chapter 13 bankruptcy petition on January 13, 2009. The State of Michigan Department of Treasury did not file a claim for any taxes owed for the 2008 tax year. An Order Confirming Chapter 13 Plan was entered on April 7, 2009.[1] On August 12, 2009, Debtor filed a priority claim on behalf of Treasury for his 2008 tax obligation in the amount of $2,396. Treasury objected to the claim, contending that the 2008 tax obligation is a postpetition liability pursuant to 11 U.S.C. § 1305, and asserted that the claim should be disallowed as a prepetition claim.

At first blush, it is not clear why a taxing authority would object to the classification of its claim as a prepetition claim to be paid through the plan. Treasury is entitled to payment in full regardless of whether the claim is viewed as arising prepetition or postpetition (a prepetition claim would be handled through the plan pursuant to 11 U.S.C. §§ 507(a)(8) and 1322(a)(2), while a postpetition liability is, at Treasury's option, payable through the Plan or collectible outside of the plan pursuant to routine non-bankruptcy collection procedures. 11 U.S.C. § 1305(a)(1)). However, in larger context, whether a tax claim is a prepetition or postpetition claim impacts the taxing authority's ability to collect on tax obligations owed by debtors. This Court concludes that, in Chapter 13 cases, the question of whether a claim for taxes is a prepetition claim or a postpetition claim is controlled by the date on

which the taxing authority has the ability to ascertain whether a tax liability actually exists the date on which the tax return is due.

## II. *Jurisdiction*

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B.) This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

## III. *Analysis*

■ The issue before the Court is a narrow one: in Chapter 13 cases, which date controls the status of a tax claim—the end of the tax year (December 31 of the relevant tax year), or the date on which the tax return is due (April 15 of the following year)?[2] Debtor argues that tax claims become claims on December 31 of the year for which the taxes are due. Debtor further argues that if a bankruptcy is filed after December 31, the claim for the tax year ending December 31 of the year prior to filing is a prepetition claim.[3]

Treasury argues, based on the language of 11 U.S.C. § 1305, that the prepetition or postpetition status of a tax claim is determined by when the tax "becomes payable". 11 U.S.C. § 1305(a)(1) states that "[a] proof of claim may be filed by any entity that holds a claim against the debtor for taxes that become payable to a governmental unit while a case is pending." Treasury asserts that a tax claim "becomes payable" on the date the tax return is due and the tax is ascertainable, that is to say on April 15 of the year following the year the tax obligation was incurred. Therefore, for any Chapter 13 bankruptcy filed between January 1 and April 15, the

---

1. The Plan included an estimated $500 in taxes owed to Treasury for 2008 as a Class Six Priority Unsecured Claim pursuant to 11 U.S.C. § 1322(a)(2).

2. Throughout this Opinion, "tax claim" refers to a claim for unpaid personal income taxes.

3. The Bankruptcy Code defines "claim", in relevant part, as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured." 11 U.S.C. § 101(5)(A).

taxes for the prior year are a postpetition § 1305 claim because the taxes do not "become payable" until April 15, **after** the date of the filing of the bankruptcy.

The majority of cases addressing this issue support Treasury's position. In *U.S. v. Ripley (In re Ripley)*, 926 F.2d 440 (5th Cir.1991), the Fifth Circuit Court of Appeals held that income taxes do not become "payable" until the final tax return for the tax year is required to be filed, April 15. Thus, a claim for taxes could be filed as a postpetition claim under § 1305(a)(1) only if the return was due after the Chapter 13 petition was filed. In concluding that taxes are payable on the date the tax return is due, the *Ripley* court relied on "the customary usage of the word 'payable' and the context of section 1305":

> According to a noted authority, 'payable' means not only '[c]apable of being paid' but also 'justly due' and 'legally enforceable.' Black's Law Dictionary 1128 (6th ed.1990). The latter of these is the only reasonable meaning to be affixed to the word as it is used in section 1305. Black's continues, 'A sum of money is said to be payable when a person is under an obligation to pay it. Payable ... normally means that the debt is payable at once. *Id.*

*Ripley*, 926 F.2d at 444.

Relying on *Ripley*, the court in *Rosander v. Michigan*, unpub. case no. 1:02–cv–504 (W.D. Mich. filed March 27, 2003), affirmed the bankruptcy court's ruling that for purposes of § 1305, taxes "become payable" on the date the tax return is due. In that case, the debtor purposely filed her bankruptcy petition on January 12, 2001, so that she could pay her 1999 and 2000 tax debts as part of her Chapter 13 plan. The state taxing authority did not file a claim until December 13, 2001. The claim covered only the 2000 tax liability and was filed under § 1305. Debtor objected to the claim, and the Court overruled the objection. In addition to relying on the plain language of the statute, the court cited the Michigan Income Tax Act.

The Michigan Income Tax Act requires a taxpayer such as debtor to file an income tax return on or before April 15 of the year following the tax year in question. M.C.L. 206.315. Indeed, the state cannot seek payment or collection of these taxes until after the time for filing the return and voluntarily remitting payment has passed. M.C.L. 205.24. ("If a taxpayer fails or refuses to file a return or pay a tax administered under this act within the time specified, the department, as soon as possible, shall assess the tax against the taxpayer and notify the taxpayer of the amount of the tax."). Thus, even though the amount of such a tax may become 'essentially fixed and calculable' as of January 1, of the year following the tax year at issue, *In re Dixon*, 218 B.R. 150, 152 (10th Cir. BAP [1998] ), a taxpayer is not actually required to pay it until April 15. *See In re Ripley*, 926 F.2d at 445 (noting that the IRS could not seek immediate payment of the self-employment taxes at issue until after the taxpayer filed his annual return). This would support a finding that a state income tax such as that in this case would not 'become payable' under § 1305 until April 15 of the following year.

*Rosander*, at 5–6. *See also In re Epstein*, 200 B.R. 611, 613 (Bankr.S.D.Ohio 1996)(in a chapter 13 case filed on September 6, 1989, "the Debtors' 1989 income tax year ended on December 31, 1989, and ... income taxes for 1989 were payable by April 15, 1990. Accordingly, the 1989 income tax liability is a postpetition debt"); *Matravers v. Internal Revenue Service (In re Matravers)*, 149 B.R. 204, 206 (Bankr. D.Utah 1993)(in a chapter 13 case filed on

July 26, 1990, the 1990 deficiency became due on April 15, 1991 and constituted a claim for postpetition tax); *In re Phillips,* 27 B.R. 94, 95 (Bankr.D.Va.1983)(in a chapter 13 case filed on June 24, 1980, taxes owed for 1978 were payable on April 15, 1979, and were a prepetition debt); *In re Pennetta,* 19 B.R. 794 (D.Colo.1982)(relying on a 1979 decision of the Ninth Circuit interpreting the analogous phrase "legally due and owing" used in the old Bankruptcy Act, the Ninth Circuit stated that taxes were legally due and owing on the due date of the tax return for the year in which the liability accrued).

The case law is not unanimous in concluding that tax liabilities under § 1305 "become payable" on April 15. In *Dixon v. Internal Revenue Service, (In re Dixon),* 218 B.R. 150 (10th Cir.BAP1998), the court held that a tax becomes payable at the end of the tax year, or December 31. At that point, according to the court, a debtors' tax liability is "fixed and calculable" and thus, payable, even though the tax is not due until April 15. *See also Joye v. California (In re Joye),* 578 F.3d 1070 (9th Cir.2009)(held that taxes become "payable" for purposes of § 1305(a)(1) when they are capable of being paid, i.e. the day after the close of the corresponding calendar year; debtors filed their petition on March 7, 2001, more than two months after the close of the 2000 tax year, thus debtors' 2000 tax liability was a prepetition claim).

This Court finds the reasoning of *Ripley* and *Rosander* persuasive. In a Chapter 13 case, whether a tax claim is treated as prepetition or postpetition is controlled by 11 U.S.C. § 1305(a). Under that section, taxes "become payable" when the tax is ascertainable by the taxing authority, that is, when the return is filed. The term "becomes payable" is not defined by the Bankruptcy Code. In the context of a tax claim, however, it is important to note the distinction between tax claims and other types of claims. Most creditors' claims are ascertainable by the creditor on the date the debtor files a bankruptcy petition. A supplier of goods and services, or a mortgagee knows exactly how much money is owed to them by a debtor at the time the goods or services are provided or at the time the mortgage becomes delinquent. Thus, for non-tax claims, the term "becomes payable" means either immediately, or pursuant to the terms of a contract. Tax claims are different because the taxing authority does not know if it has a claim until the taxpayer files a return. Taxing authorities have no contractual arrangement with debtors. A taxing authority's rights commence with the filing of a tax return. Until a return is filed, Treasury does not know if taxes are owed. Once a return is filed, Treasury can ascertain whether it has a claim, whether it needs to take action to collect on the taxes owed, or whether it needs to issue an estimated assessment. For taxing authorities, a tax "becomes payable" when the taxpayer is legally obligated to file a return and Treasury is able to determine whether or not it has a claim.

In the instant case, Debtor filed for bankruptcy on January 13, 2009. The claims bar date for governmental units is 180 days from the from date of filing, or July 12, 2009. (Fed. R. Bankr.P. 3002(c)). Debtor had until April 15, 2009 to file his 2008 income tax return. Until the return was filed, Treasury had no idea whether it had a claim. If all taxes incurred by Debtor "become payable" on December 31, 2008, the tax debt was a prepetition debt and the claims bar date would apply to Treasury even though Treasury had no knowledge as to whether a claim existed until the return was filed. Assuming a filing date of April 15, instead of having 180 days to prepare and file a claim, Treasury had 88 days. Treasury issued a Final Assessment against Debtor for his 2008

taxes on July 28, 2009. Presumably, on July 28, 2009, Treasury had determined Debtor's 2008 tax liability and could have filed a claim. If the 2008 liability is treated as a prepetition liability, Treasury's claim would be disallowed as a late claim and Treasury would lose its right to collect the 2008 taxes. While Debtor, in this case, filed a claim on Treasury's behalf, that action was, in this Court's experience, the exception rather than the rule. Unless the treatment of a tax claim is determined by the date on which the tax return is filed, a taxing authority's rights may be routinely impaired through no fault of its own.

■ This Court also rejects the argument that Bankruptcy Code sections other than 11 U.S.C. § 1305 control the issue of whether a tax claim in a Chapter 13 case is a prepetition or postpetition claim. Debtor, along with the Tenth Circuit Court of Appeals in *In re Joye*, 578 F.3d 1070 (9th Cir.2009) argue that 11 U.S.C. §§ 101 and 502(i) must be considered in determining whether a claim is prepetition or postpetition. 11 U.S.C. § 101(5)(A) defines "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured[.]". 11 U.S.C. § 502(i) states:

A claim that does not arise until after the commencement of the case for a tax entitled to priority under section 507(a)(8) of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

■ With regards to § 101(5)(A), the definition of a claim, in and of itself, does not speak to the status of the claim, that is, whether the claim is a prepetition claim, a postpetition claim, an administrative ex-

pense claim, or an unsecured, secured or priority claim. Section 101(5)(A) defines what a claim is, not how the claim should be treated. With regards to § 502(i), it has been argued that the express language of the statute requires that tax claims that arise after the commencement of the case be treated as prepetition claims. The Court recognizes that § 502(i) provides a general rule for determining the allowance or disallowance of tax claims which arise after the commencement of the case, for a tax period which ends on or before the filing of the case. *See* 4 *Collier on Bankruptcy*, ¶ 502.10[1], at 502–74 (Alan N. Resnick, et. al. eds., 15th ed.). Notwithstanding the general rule, however, the rules of statutory construction require that specific statutory provisions control over broader provisions. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 385, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992)(it is a "commonplace of statutory construction that the specific governs the general."). 11 U.S.C. § 1305 is a specific provision, drafted to address claims of taxing authorities which "arise" or "become payable" after the petition is filed.

As explained previously, in a Chapter 13 case, applying the "general rule" deprives a tax creditor of the statutorily mandated time permitted for filing a claim. Treating taxes for which the return is due after the petition date as postpetition taxes allows Treasury the option of filing a claim when the tax liability is determined, or waiting until the conclusion of the Chapter 13 plan.

It is also worth stating that the primary purpose of § 502(i) is to differentiate priority tax claims from administrative tax claims. 11 U.S.C. § 502(i) makes clear that a claim for a tax period which ends prior to the filing of the petition, but for which the return is not due until after the petition, is a priority claim as defined by 11 U.S.C. § 507(a)(8), not an administra-

tive expense claim under 11 U.S.C. § 503(b). 11 U.S.C. § 502(i) simply does not address the specific issue of how a tax claim entitled to priority status under § 507(a)(8)(A)[4] is to be treated in a Chapter 13 case. Thus a § 1305 claim (should Treasury choose to file a claim) is entitled to priority, rather than administrative expense status.

Section 1305 of the Bankruptcy Code recognizes the unique nature of a taxing authority's claims in the context of a Chapter 13 bankruptcy. By interpreting the phrase "becomes payable" to mean the date on which a taxpayer files a tax return, the Court is merely ensuring that the taxing authority is given sufficient time, consistent with existing Bankruptcy Rules, to protect its interests.

## IV. *Conclusion*

For the foregoing reasons, the Michigan Department of Treasury's "Objection to Claim Number 10 Filed by The Debtor on the State's Behalf" is hereby sustained.

---

4. 11 U.S.C. § 507(a)(8)(A) sets forth the priority of payment to taxing authorities. Priority status is given to claims "for a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition."